MARGARET O'BRIEN *vs.* M & P THEATRES CORPORATION.
WILLIAM O'BRIEN *vs.* SAME.

JANUARY 6, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. These are petitions for writs of *certiorari* praying that a decision of the superior court, granting respondent's motion to strike out the third and fourth counts from the declarations, in actions at law brought by the respective

petitioners, be quashed. They were heard before us on citations to show cause why the prayer of each petition should not be granted and the same questions are raised in both cases.

The actions at law in question, which were trespass on the case for negligence, were brought following our decision that judgments of nonsuit should be entered for the defendant in the earlier cases between these parties. *O'Brien* v. *M & P Theatres Corp.*, 71 R. I. 339. The basis of all these actions is that the petitioner Margaret O'Brien had, by reason of the respondent's alleged negligence, fallen on a stairway in its theatre and had thereby been injured.

In the earlier cases, disposed of by the entry of judgments of involuntary nonsuit, each of the declarations contained only two counts. The first set out in substance that the breach of respondent's duty was its negligence in maintaining the covering on the stairway in question, causing the petitioner Margaret O'Brien to catch her foot in a worn, broken or torn place in such covering and to fall. The second count set out in substance that the breach of respondent's duty was its same negligent act whereby the petitioner Margaret O'Brien stepped on a worn, broken or torn place in such covering, the frayed portions of which caused her to slip and fall.

In the later cases involved in these petitions, however, each of the declarations contains four counts. It is admitted that the first two counts are the same as those appearing in the declarations in the earlier cases; that the third count thereof sets out in substance that the petitioner Margaret O'Brien fell because of the respondent's negligence in failing to light the stairway sufficiently; and that the fourth count sets out in substance that the failure of the respondent to light the stairway properly was the negligent act which caused said petitioner to fall.

In the superior court the respondent moved that said third and fourth counts be struck from the petitioners' declarations on the ground that each of such counts sets up a

new and distinct cause of action against the respondent, which was barred by the statute of limitations. The trial justice granted the above motions and the correctness of his rulings is the principal issue now before us. It is not disputed that if such counts set out new causes of action, as the respondent contends, they are barred by the statute of limitations. The petitioners, on the other hand, argue that the counts do not set out new causes of action, but merely state additional grounds of negligence as the causes of the same injury.

The respondent first contends that the instant petitions should be denied and dismissed because *certiorari* is not the proper remedy for reviewing the action of the superior court in striking out the third and fourth counts of the declarations. The respondent argues that no exceptional circumstances are here involved; that the situation comes within the rule that, apart from statute, this court will ordinarily entertain *certiorari* to correct error only in cases where no other remedy is expressly provided; and that the petitioners have exceptions to the superior court's ruling complained of, which exceptions can be prosecuted later, if they receive in that court an adverse decision or verdict on the merits.

The petitioners rely on *Brickle* v. *Quinn,* 63 R. I. 120, as authority for the bringing of their present petitions. That case, as the respondent points out, discloses facts differing from those in the actions at law brought by the petitioners. In the *Brickle* case it appeared that the petitioners had asked permission of the superior court to amend their declarations by adding two new counts in cases that were then pending. The actions between the present parties were brought under the statute, general laws 1938, chapter 510, §9, after judgments on an involuntary nonsuit had been entered against petitioners in the first cases which they had instituted. In both instances, however, the respondents contended that the additional counts constituted new causes of action and that the statute of limitations had run as to them.

In the *Brickle* case, at page 123, it was stated that, "in an exceptional case *certiorari* has been allowed, in the interest of justice, even though another remedy would be available later." The court then held that under the circumstances of that case it had such a situation before it, and that in the exercise of its discretion it was proper to allow *certiorari* in order that the alleged error complained of might be immediately reviewed. Upon consideration we are of the opinion that this same principle of law thus applied in the *Brickle* case is the principle which should be applied in the instant petitions.

We find that the present cases are exceptional ones, of the same general nature as the *Brickle* case, and that it is in the interest of justice that the alleged error of the superior court be reviewed immediately so that the petitioners, if their contentions are correct, may not be deprived of a full trial on all proper issues at one time. We, therefore, in the exercise of our discretion hold that, in view of all the special circumstances, the instant petitions for *certiorari* should not be denied and dismissed as being improperly brought.

A further preliminary question appears to be whether a motion to strike out the third and fourth counts is the approved method to raise the controlling question of law which is here involved. Under the practice in this state a motion to strike out pleadings prior to trial has uniformly been confined to striking out such pleadings as appear on their face to be incompetent, immaterial, repugnant, unnecessary, or frivolous and which would thus tend merely to delay the trial and confuse the issue. A consideration of our cases shows that ordinarily such motions have been used to strike out in whole or in part dilatory pleas of the above character and have at times been treated as somewhat equivalent to a *formal* demurrer. See *Crafts* v. *Sweeney,* 18 R. I. 730, and cases cited. A motion to strike out has never been approved, however, as a substitute for a substantial demurrer in order to test the legal sufficiency of matters well pleaded in a dec-

laration or plea; nor has it been treated as the equivalent of a special plea when, to decide the issue, it is necessary to import new matter not already appearing in the pleadings. See *Giarrusso* v. *Brown & Sharpe Mfg. Co.*, 72 R. I. 229.

In *Chobanian* v. *Washburn Wire Co.*, 33 R. I. 289, it does appear that a motion was made to strike additional counts from an amended declaration on the ground that such counts set out new causes of action against which the statute of limitations had run. However, no objection was made by any of the parties to this method of procedure, and the court, without being called upon to approve the practice involved and without deciding that issue, rested its opinion on the merits of the case.

We do not approve the use of a motion to strike out as a substitute for a *substantial* demurrer or for a special plea in bar. However, at the hearing in the superior court on such motions all the facts which ordinarily would have been the subject of a special plea of the statute of limitations as to the third and fourth counts were undisputed; and the matter was presented to, and was decided by, the trial justice apparently as if the new facts had been properly pleaded by the respondent and had been demurred to by the petitioners. In view of this situation and of the *Chobanian* case, and since the motions were disposed of before our opinion in the *Giarrusso* case was filed, we shall now treat the matter in accordance with the theory upon which it was apparently decided by the trial justice, that is to say, as if the controlling question had been raised by the petitioners' demurrers to proper pleas in bar alleging the necessary new matter not appearing in the declarations and claiming the benefit of the statute of limitations.

The statute under which the petitioners' pending actions at law were brought, G. L. 1938, chap. 510, §9, reads in part as follows: "If any action which has been or shall be duly commenced within the time limited and allowed therefor, shall be abated or otherwise avoided or defeated by the

death of any party thereto, or for any matter . . . the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit as aforesaid". The respondent's contention is that the third and fourth counts of the declarations in the pending new actions brought by the petitioners under the above statute constitute new and distinct causes of action against the respondent, and are not for the same cause as the original actions brought by them. This contention is based on the fact that no such allegation of insufficient and improper lighting of the stairs upon which the petitioner Margaret O'Brien fell, as is set out in said third and fourth counts respectively, was contained in the declarations filed in the original actions. The petitioners, however, take the position that no new causes of action are alleged in the declarations in the pending suits, but that the third and fourth counts merely contain additional grounds of negligence for the same original injury.

Over a period of years this court has had occasion to pass upon the question of whether or not amendments to declarations, proposed after the statute of limitations had run, amounted to the statement of a new cause of action or merely an additional statement of the original cause of action. On this question the court, as an examination of its opinions will show, has been reasonably liberal. *Atlantic Mills* v. *Superior Court*, 32 R. I. 285; *Chobanian* v. *Washburn Wire Co., supra; Rose* v. *Standard Oil Co. of N. Y., Inc.,* 56 R. I. 272; *Brickle* v. *Quinn, supra.*

In the *Chobanian* case the court, at page 301, quoted with approval the following language from the case of *Columbus* v. *Anglin,* 120 Ga. 785: "So long as a plaintiff pleads but one wrong, he does not set up more than one cause of action. Courts will look to the allegations both as to the primary right of the plaintiff and the corresponding primary duty of the defendant, and as to the violation or breach thereof, in order to determine whether it is the intention to plead but a single wrong only, or more than one. A single

wrong may, however, be composed of numerous elements and shown by various facts." The court, at page 304, also said: "The great weight of authority is to the effect that the allowance of an amendment to a declaration setting forth an additional ground of negligence as the cause of the same injury does not amount to the statement of a new cause of action."

In the *Rose* case the court followed the same rule and, at page 281, stated that "as long as the plaintiff adheres to the . . . injury originally declared upon, an alteration of the modes in which the defendant has . . . caused the injury is not an introduction of a new cause of action."

Respondent herein urges that we should give to the word "cause" in the statute above mentioned the narrower meaning of "issue". We do not agree with this contention. We see no sound reason for not giving the word "cause" its ordinary and natural meaning when it is combined with the word action, and for placing a different construction on the words "for the same cause" when questions are raised in one instance under the said statute and at another time by a motion to amend a declaration. In our judgment a uniformity of construction should be followed since the statute itself contains no specific definition of the word in question.

We are of the opinion that, according to the principles of law set out in the cases above cited, the third and fourth counts of the petitioners' declarations in their pending new cases do not constitute a statement of new causes of action; but that in substance such counts rely on the same primary duty of the defendant toward the plaintiffs and the breach thereof by alleging other acts of negligence as the cause of the single wrong and injury originally declared upon.

The respondent criticises "the basis of and the reasoning behind the test of an amended declaration, set forth in the *Rose* case and followed in the *Brickle* decision". It apparently overlooks the real principle and the true test as enunciated and followed in those cases, which were merely an application of the principles set out in the earlier cases,

*supra.* After consideration we see no reason for making, in the present circumstances, any change in such basis and reasoning. The true test is whether the added counts state different causes of action or state the same cause more fully and differently laid. The respondent has also cited to us from other jurisdictions many cases which, it argues, support its view that the third and fourth counts of the petitioners' declarations improperly set out new causes of action. Whatever the scope of these decisions may be, we see no need of discussing them in detail at this time. As hereinbefore indicated, this court has defined what constitutes a new cause of action. That definition has been followed consistently over a number of years and has become a matter of settled practice in this state. Under such circumstances we do not feel it necessary to look for authority elsewhere.

Finally the respondent contends that, even if the third and fourth counts of the petitioners' declarations do not amount to the addition of new causes of action to their pending cases, nevertheless the decision on the respondent's motion to strike out such counts rested within the sound discretion of the trial justice, and we should not disturb his exercise of that discretion unless abuse thereof has been shown. It is true that the decision of a motion to amend a declaration in a pending case ordinarily and in the first instance is addressed to the sound judicial discretion of the trial justice. However, that is not the case where the parties, as here, are starting their new actions as a matter of right under the statute to which we have referred. In so doing they were entitled to file such counts in their declarations as they might see fit, provided, however, that they acted within the scope and meaning of such statute and did not bring or add a new cause of action. In that respect their action was not to be controlled by the discretion of the trial justice. Such action was either correct or erroneous as a matter of law. In our opinion, therefore, no question of the exercise of discretion by the trial justice enters into the issue now before us.

In accordance with the views which we have expressed, we find that the trial justice was in error in granting the respondent's motion that the third and fourth counts be struck from the petitioners' declarations in their pending cases.

The prayers of the petitions are granted, and the record of the superior court granting the above motions to strike out the third and fourth counts from the petitioners' declarations is ordered quashed.

*Crowe & Hetherington, Henry E. Crowe, Thomas Hetherington,* for petitioners.

*Henshaw, Lindemuth & Siegl, Daniel S. T. Hinman,* for respondent.