CARMELLA GALLO *v.* G. FOX AND COMPANY, INC.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued February 9—decided May 2, 1961

*Salvador A. Fasi,* with whom, on the brief, was *Anthony L. DiLorenzo,* for the appellant (plaintiff).

*Aaron Nassau,* with whom were *William J. White* and, on the brief, *Solomon Elsner,* for the appellee (defendant).

SHEA, J. In her complaint, the plaintiff alleged that on or about June 29, 1949, she sustained injuries owing to the negligence of the defendant. In its answer, the defendant denied the material allegations of the complaint and, by way of a first special defense, alleged that the "right of action for the cause stated in the Complaint did not accrue within one year next before the commencement of this action, as required under the provisions of" § 52-584 of the General Statutes. The plaintiff replied to this special defense by alleging that the

action was originally instituted by writ, summons and complaint returnable to the Superior Court in Hartford County on the first Tuesday of February, 1950, that a judgment of nonsuit was entered in that case on April 23, 1959, and that the present action was instituted within the time allowed by law under § 52-592, which permits the commencement of a new action for the same cause where a judgment of nonsuit has been granted. On the defendant's motion, the court ordered that all the pleadings in the first action, and the court's rulings on the pleadings, be made a part of the file in this case. Thereafter, the defendant demurred to the plaintiff's reply to the first special defense. The trial court sustained the demurrer. The plaintiff refused to plead further, and judgment was rendered for the defendant. The plaintiff has appealed.

This action was instituted more than ten years after the date of the accident alleged in the complaint. Accordingly, it is barred by the Statute of Limitations (§ 52-584) unless a new action is authorized by § 52-592, the pertinent provisions of which appear in the footnote.[1] This statute was passed to avoid the hardships arising from an unbending enforcement of limitation statutes. The extension of time provided by it applies to all cases where a suit, seasonably begun, has failed for one or more of the causes stated. *Korb* v. *Bridgeport Gas Light Co.*, 91 Conn. 395, 401, 99 A. 1048. Under the second ground of demurrer to the plaintiff's reply, the defendant claims that the remedy pro-

---

[1] "Sec. 52-592. ACCIDENTAL FAILURE OF SUIT; ALLOWANCE OF NEW ACTION. . . . [I]f [in any action, commenced within the time limited by law] a judgment of nonsuit has been rendered . . . , the plaintiff . . . may commence a new action for the same cause at any time within one year after the determination of the original action . . . ."

vided by § 52-592 is not available to the plaintiff for the reason that the cause of action she is alleging in the present complaint is not the same as the cause of action she alleged in the complaint in the first case. If the defendant's contention is sound, the present action must fail.

A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. *Bridgeport Hydraulic Co.* v. *Pearson,* 139 Conn. 186, 197, 91 A.2d 778; *Veits* v. *Hartford,* 134 Conn. 428, 434, 58 A.2d 389. "A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action." *Pavelka* v. *St. Albert Society,* 82 Conn. 146, 147, 72 A. 725. A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action. *Johnson* v. *Wheeler,* 108 Conn. 484, 488, 143 A. 898; *Galvin* v. *Birch,* 97 Conn. 399, 401, 116 A. 908; *O'Brien* v. *M & P Theatres Corporation,* 72 R.I. 289, 296, 50 A.2d 781. It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated. *Veits* v. *Hartford,* supra; *United States* v. *Memphis Cotton Oil Co.,* 288 U.S. 62, 67, 53 S. Ct. 278, 77 L. Ed. 619; *Seaboard Air Line Ry.* v. *Renn,* 241 U.S. 290, 293, 36 S. Ct. 567, 60 L. Ed. 1006.

In the complaint in the first action, the plaintiff alleged that her injuries were caused by the negligence of the defendant in the maintenance, operation and control of an escalator which ascended from the basement floor to the first floor of the defendant's premises. According to the complaint, the escalator "suddenly stopped, started again, began to jerk backwards and forwards, causing the plaintiff to lose her balance and fall down upon the said escalator with great force and violence." The pleadings in that case were closed on February 18, 1950. There was a pretrial of the case on November 4, 1953, when counsel for the parties declared that there would be no amendments to the pleadings. On March 17, 1958, after the plaintiff had obtained new counsel, she requested permission to file a substitute complaint in which she alleged that she sustained injuries while walking on the defendant's premises, that she slipped, stumbled, struck a table counter with her body and then fell to the floor. She claimed that her injuries were due to the negligence of the defendant in failing to remove from the floor a "piece or pieces of candy and other foreign sticky substances, rendering the floor dangerous and unsafe." The request for permission to file a substitute complaint was denied by the court on April 11, 1958. The case was assigned for trial on April 23, 1959. On that date, the court rendered a judgment of nonsuit "for failure of the plaintiff to proceed with the trial of her case." No motion was made to set aside the nonsuit, and no appeal was taken from the judgment.

In July, 1959, the present action was instituted. The allegations are the same as those contained in the substitute complaint which the plaintiff was not allowed to file in the first action. In that action,

she claimed that her injuries were due to the negligence of the defendant in the maintenance, operation and control of an escalator. In the present case, she has alleged that the accident occurred in another place and under different circumstances and that her injuries were due to the dangerous and unsafe condition of the floor. An entirely different set of facts is now claimed to have brought about her injuries. A new cause of action has been stated. The action is not for the same cause as was alleged by her in the first case. Section 52-592, under which she is now attempting to proceed, authorizes a new action only "for the same cause." She is not entitled to the benefit of the statute, and the trial court was correct in sustaining the demurrer on the second ground. It is unnecessary to discuss the other grounds of demurrer.

There is no error.

In this opinion the other judges concurred.