[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The following facts are undisputed by the parties. In 1982, the plaintiff hired defendant and other contractors to renovate, construct and install a kitchen, designed by American Food Service, in the plaintiff's restaurant. Shortly after opening, the restaurant was seriously damaged by a fire which broke out in the kitchen. The plaintiff's insurer, Transit Casualty Insurance Co. ("Transit"), paid the plaintiff $79,793 pursuant to an insurance policy. The plaintiff and Transit filed suit against the defendant Osowiecki, the other contractors, American Food Service, as well as two other entities. The fire had allegedly been caused by the placement of an oven too close to a wall which had not been sufficiently fireproofed. On August 3, 1987, this suit was dismissed for failure of the plaintiff to comply with a request to revise.
Pursuant to the accidental failure of suit statute, General Statutes Section 52-592, the suit was refiled on March 23, 1988, but dismissed on June 14 of the same year for late return of process. On July 14, 1988, the suit was refiled, although this time the suit also sounded in breach of contract in addition to the claim of negligence asserted in the earlier actions. On December 8, 1989 this action was dismissed, pursuant to Practice Book Section 251, for failure to prosecute with due diligence.
On October 26, 1990 the plaintiff, this time without Transit, refiled his breach of contract suit, while in November Transit filed its own breach of contract suit in District Court. The complaint alleges that the defendant breached its contract in that they breached implied warranties and failed to perform their work in a skillful and workmanlike manner. On December 31, 1991 the defendant filed a motion for summary judgment. CT Page 2222
The issue presented is whether the present action, clearly filed after the statute of limitations has expired but within one year after the dismissal of the first contract action, is saved by Section 52-592. This statute provides, in pertinent part, that if
 any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . on the action has been otherwise avoided or defeated . . . for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action. (emphasis added).
The narrow legal question which therefore needs to be answered is, on the peculiar procedural facts of this case, which suit constitutes the "original action"?
The defendant argues that the "original action" was the negligence action which was dismissed on August 3, 1987, meaning that the instant action was filed more than one year after that dismissal. The plaintiff argues that "original action" means the first contract action, as the negligence action was an entirely different cause of action. Because the first contract action was dismissed on December 8, 1989, the plaintiff claims that the present action is saved by Section 52-592 as it was filed within one year after that dismissal.
Both parties cite Pintavalle v. Volkanos, 216 Conn. 412
(1990) as support for their argument. In Pintavalle, the plaintiff attempted to refile a suit for the third time, more than one year after the first dismissal but less than one year after the second dismissal. Id., 214-215. The trial court granted summary judgment in favor of the defendant because the suit was not filed within one year of the dismissal of the "original action", i.e. the first action. Id., 215. In the supreme court, the plaintiff argued that "original action" meant "next preceding action," theoretically allowing a plaintiff to refile an infinite number of times the same suit as long as it is refiled within one year of the previous dismissal. Id.
The court disagreed with the plaintiff and held that "`original action' means the first action filed within the time allowed by the applicable statute of limitations." Id., 419. The court also noted that adopting the plaintiff's interpretation would "defeat the basic purpose of statutes of limitation, namely, promoting finality in the litigation process." Id., 417. CT Page 2223 The instant action was filed more than eight years after the cause of action arose, and three years after his first suit was dismissed. Not only does Pintavalle, not support the plaintiff's argument, but plaintiff's actions appear contrary to the spirit of Pintavalle.
Furthermore, contrary to plaintiff's assertions, the instant action cannot be viewed as a separate cause of action from the first negligence action. The court in Gallo v. G. Fox Co.,148 Conn. 327 (1961) defined cause of action as "that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." Id., 330. The "single group of facts which is claimed to have brought about an unlawful injury" is the same in both the negligence and contract actions, namely that defendant performed its work poorly and thereby caused a fire which destroyed plaintiff's restaurant.
Because there has been only one cause of action, the court holds that the "original action" for purposes of this case was the first negligence action filed. That suit was dismissed on August 3, 1987, and plaintiff therefore had one year to refile his action, which he did. This action was not filed until October of 1990 and cannot therefore be saved by the accidental failure of suit statute. This court agrees with the reasoning and results of the District Court (Dorsey, J.) in granting the defendant's motion to dismiss brought on the same ground.[1] Accordingly, the defendant's motion for summary judgment is granted on the ground that plaintiff's suit cannot be saved by General Statutes Section 52-592, making it unnecessary to address the defendant's other arguments.
MEADOW, JUDGE