[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO AMEND
The issue before the court is whether plaintiffs' request to amend their complaint should be granted.
The original complaint in this matter was filed by Karl and Margaret Trybus (plaintiffs) against Robert Harge and Leasetex Systems, Inc. (defendants) on April 11, 1991. The complaint alleges that on May 16, 1989, Harge, while driving a vehicle owned by his employer, Leasetex Systems, Inc., negligently struck the vehicle driven by Karl Trybus, causing the latter to sustain personal injuries. Margaret Trybus, a passenger in the automobile driven by Karl Trybus, is alleged to have also sustained injuries as a result of the collision. The plaintiffs seek damages for these alleged personal injuries, putatively caused by the negligence of Robert Harge.
The plaintiffs filed a request to amend the complaint on May 20, 1992. Specifically, the request to amend seeks to add new injuries to the complaint.
On May 22, 1992, the defendants filed an objection to plaintiffs' request to amend, claiming that their case will be prejudiced if the court allows the plaintiffs to add new injuries to the complaint at this juncture. The defendants also claim that the proposed amendment is time-barred by the statute of limitations. The plaintiffs filed a memorandum in opposition to the defendants' objection on June 8, 1992.
I. Statute of Limitations
 It is true that a party may properly amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same. Bielaska v. Waterford, 196 Conn. 151, 154, 491 A.2d 1071 (1985). A new cause of action is barred by the running of the statute of limitations. In order to avoid this result, the substitute complaint must be capable of being related back to the original complaint. This will be so unless it alleges a new cause of action, in which event it will speak as of the date when it is filed. Keenan v. Yale New Haven Hospital, 167 Conn. 284, 285, 355 A.2d 253
(1974). A cause of action must arise from a single group of facts. Gallo v. G. Fox Co., 148 Conn. 327, 330, 170 A.2d 724 (1961). "`"A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . `A right of action at law arises from the existence of a primary right in the plaintiff, and in invasion of that right by some delict on the CT Page 6819 part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action."'" (Citations omitted). Jonap v. Silver, 1 Conn. App. 550, 556, 474 A.2d 800 (1984), quoting, Safir v. Neustadt, 177 Conn. 191, 207, 413 A.2d 843 (1979). Where an entirely new and different factual situation is presented, a new and different cause of action is stated. Gallo v. G. Fox Co., supra, 330.
Patterson v. Szabo Food Service of New York, Inc., 14 Conn. App. 178,182-83, 540 A.2d 99 (1988), cert. denied 208 Conn. 807,545 A.2d 1104 (1988). (Emphasis added). Since 1) a "cause of action is a single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief," (Patterson v. Szabo Food Service of New York, Inc., supra, 183), and 2) the instant amendment seeks to add injuries caused by the same single group of facts (i.e., the automobile collision), the amendment does not add a new cause of action. It is further found that since an amendment that does not add a new cause of action relates back to the original complaint (Patterson v. Szabo Food Services of New York, Inc., supra), the plaintiffs' amendment is not time-barred by the statute of limitations.
II. Prejudice
 "`While our courts have been liberal in permitting amendments; Johnson v. Toscano, 144 Conn. 582, 587, 136 A.2d 341 (1957); this liberality has limitations. Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment. Cummings v. General Motors Corporation, 146 Conn. 443, 449-50, 151 A.2d 884 (1959). The motion to amend is addressed to the trial court's discretion which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial. Freccia v. Martin, 163 Conn. 160, 164, 302 A.2d 280
(1972).' Beckman v. Jalich Homes, Inc., 190 Conn. 299, 302-303, 460 A.2d 448 (1983) . . . . It is within the discretion of the trial court to grant or deny an amendment and a decision to deny an amendment during a trial will not be disturbed unless there is a clear abuse of that discretion. Lawson v. Godfried, 181 Conn. 214, 216, 435 A.2d 15 (1980)." Farrell v. St. Vincent's Hospital, 203 Conn. 554, 561-62, 525 A.2d 954 (1987).
LoSacco v. Young, 20 Conn. App. 6, 17-18, 564 A.2d 610 (1988). (Emphasis added). The trial court is endowed with broad discretion CT Page 6820 in ruling on the propriety of a motion to amend. LoSacco v. Young, supra, 17-18. Accordingly, the determination of whether to allow this amendment rests in the sound discretion of the trial court, vis-a-vis "the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment." Id.
The court concludes that the motion to amend should be granted and is granted.
William J. McGrath, Judge