[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S REQUEST FOR LEAVE TO AMENDCOMPLAINT
The plaintiff, Thomas Petrovits, previously filed a four count complaint dated September 24, 1992, seeking damages arising out of injuries he received as a result of an alleged assault committed upon him by an allegedly intoxicated patron of Scribner's, Inc., a restaurant/bar establishment located in Milford, Connecticut.
The first and second counts alleged intentional assault and negligence, respectively, against defendant Philip D. Kerin (Kerin), the patron allegedly responsible for assaulting the plaintiff. The third and fourth counts alleged wilful, wanton and reckless conduct and a violation of the Dram Shop Act as codified in General Statutes § 30-102, respectively, against defendants Scribner's, Inc., and G. Scribner Bliss, acting in his capacity as permittee of Scribner's, Inc. The counts directed at Kerin were dismissed by the court due to insufficient service of process. Subsequently, an action was re-instituted against Kerin that alleged the same claims against him as those set forth in the previous action, and has been consolidated with the action against Scribner's, Inc., and G. Scribner Bliss (hereinafter "Scribner's"). Thereafter, the fourth count against Scribner's was dismissed by the court due to the plaintiff's failure to CT Page 7717 comport with the statutory notice requirement pursuant to General Statutes § 30-102.[1]
Based on the foregoing, the plaintiff, on March 21, 1995, filed a request for leave to amend complaint. Attached to the plaintiff's request is a four count amended complaint dated March 17, 1995. The first and second counts of the amended complaint allege intentional assault and negligence, respectively, against Kerin. The third count alleges wilful, wanton and reckless conduct against Scribner's. The fourth count alleges negligence against Scribner's.
On April 3, 1995, Scribner's filed an objection to the plaintiff's request for leave to amend complaint, along with a memorandum of law in support of their objection. The plaintiff responded by filing a memorandum of law in support of his request to amend.
"`A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action.Pavelka v. St. Albert Society, 82 Conn. 146, 147, 72 A. 725
[1909]. A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action. It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated. . . . (Citations omitted.)Sharp v. Mitchell, supra, 71-72, quoting Gallo v. G. Fox Co.,148 Conn. 327, 330, 170 A.2d 724 (1961).'" Gurliacci v. Mayer,218 Conn. 531, 547, 592 A.2d 914 (1991).
"We have previously recognized that our relation back doctrine is akin to rule 15(c) of the Federal Rules of Civil Procedure, which provides in pertinent part: (c) RELATION BACK OF AMENDMENTS. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the CT Page 7718 amendment relates back to the date of the original pleading.Giglio v. Connecticut Light Power Co., supra, 239-40; see alsoSharp v. Mitchell, supra, 72. The policy behind rule 15(c) is that a party, once notified of litigation based upon a particular transaction or occurrence, has been provided with all the notice that statutes of limitations are intended to afford. 3 J. Moore, Federal Practice (2d Ed.) 15.15 [3]; see Sharp v. Mitchell, supra; Giglio v. Connecticut Light Power Co., supra, 240. Because rule 15 provides that an amendment relates back where the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims, is fully served. C. Wright, Law of Federal Courts (2d Ed. 1970) p. 276; Sharp v. Mitchell, supra; Giglio v. Connecticut Light Power Co., supra." Id.
"`The trial court has wide discretion in granting or denying amendments.'" Web Press Services Corp. v. New London Motors,Inc., 203 Conn. 342, 360, 525 A.2d 57, appeal after remand,205 Conn. 479, 533 A.2d 1211 (1987), quoting Lawson v. Godfried,181 Conn. 214, 216, 435 A.2d 15 (1980).
In its memorandum of law, Scribner's posits that the fourth count of the amended complaint alleges a new cause of action predicated upon the negligent supervision of an intoxicated person. Scribner's recites that since an action based on the negligent supervision of patrons is distinct from the furnishing of intoxicating liquors; Kozanski v. Tobacco Shed,1 Conn. L. Rptr. 26 (Nov. 16, 1989, Hennessey, J.); the fourth count sets forth a new cause of action that "speaks as of the date of the amendment, March 17, 1995." Therefore, Scribner's postulates that the fourth count of the amended complaint is barred by the operation of General Statutes § 52-584 because of the date of the amendment, March 17, 1995, extends beyond the time limitation set forth in that statute.[2]
The plaintiff counters that the allegations as set forth in the amended complaint "arose out of the exact same conduct of the defendants as set forth in the original complaint." According to the plaintiff, the "new" allegations merely amplify and expand "upon the previous allegations by setting forth alternate theories of liability." Therefore, the plaintiff maintains that its amended complaint is not time barred because it relates back to the date of the original complaint. CT Page 7719
The third count of the complaint dated September 24, 1992, alleges an action in wilful, wanton and reckless conduct against Scribner's. That count alleges, inter alia, that:
 The Defendants, Scribner's, Inc. and G. Scribner Bliss, permittee, or their agents, employees or servants were willful, wanton and reckless in that they served alcoholic beverages to an obviously intoxicated individual, Philip D. Kerin, and that while in their place of business, Philip D. Kerin assaulted a patron in the manner stated herein.
 The assault and injuries thereof that resulted from the assault were caused by the willful, wanton and reckless conduct of Defendants, . . . in one or more of the following ways:
 In that they sold to and allowed . . . Kerin to consume a sufficient quantity of alcohol so that they knew or should have known that his senses and faculties were so obviously impaired he would not be able to act in a reasonably prudent manner toward others;
 They knew or should have known . . . Kerin's senses and faculties were so obviously impaired by reason of alcohol that he could not act in a reasonably prudent manner toward others . . . yet failed to take any reasonable steps to stop selling alcohol to him;
 [They] . . . knew or should have known that by allowing . . . Kerin to consume said alcoholic beverages they would create a foreseeable and unreasonable risk to others, yet they supplied him with such beverages. (Complaint dated September 24, 1992, Third Count, para.'s 4-5).
The fourth count of the complaint dated March 17, 1995, alleges an action in negligence. That count alleges, inter alia, that:
 This assault was the direct and proximate result of the Defendants . . . negligence and carelessness in the following manners: CT Page 7720
 They failed to make their premises reasonably safe for their invitee, Thomas C. Petrovits;
 They failed to provide adequate security and supervision for the protection of . . . Petrovits;
 They failed to adequately and reasonably protect the plaintiff when they knew the assaultive tendency of . . . Kerin;
 They failed to warn the Plaintiff of any dangerous condition which existed at said time and place. (Amended Complaint dated March 17, 1995, para. 6.)
By comparing count three of the complaint dated September 24, 1992, which is the only count directed at Scribner's that is properly before the court, with the proposed fourth count of the amended complaint dated March 17, 1995, this court concludes that the proposed fourth count does not rely upon different facts or circumstances but instead sets forth alternate theories of liability.
The plaintiff's request for leave to amend the complaint is granted.
HAUSER, J.