[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT BY CIOLA SERVICES, INC.
The defendant, Ciola Services, Inc. ("Ciola"), has moved for summary judgment against the plaintiffs pursuant to § 17-44 et seq. of the Connecticut Practice Book on the grounds that the cause of action against Ciola is barred by Connecticut General Statutes § 52-584.
Facts and Procedural History
This claim arises from an incident that occurred on Thursday, March 27, 1997. At that time, the plaintiff, James Gazza, alleges that he was a self-employed landscape contractor hired by the codefendant, J. H. Tree 
Timber Corporation, to assist with its tree-pruning and woodchipper operations at its customer's Bloomfield, Connecticut property. The plaintiff was in the process of feeding branches into a Bandit Industries Model 1400 Woodchipper, owned and maintained by J.H. Tree Timber Corp., when it is alleged the branches became entangled about his right leg and body, and pulled him into the woodchipper. The plaintiff suffered a traumatic amputation of the right leg.
The plaintiff and his wife initiated this action against Bandit Industries, Inc. (the alleged manufacturer of the woodchipper); Performance First, Inc. (also an alleged manufacturer of the CT Page 6108 woodchipper); Ciola Services, Inc. (an alleged seller of the woodchipper); J.H. Tree Timber Corp. (the owner of the woodchipper at the time of this incident); and James C. Horahan (the principal of J.H. Tree Timber Corp.)
Initially, the Third Count of the plaintiff's Complaint dated March 8, 1999 against the defendant, Ciola Services, Inc., was brought pursuant to § 52-572m et seq. of the Connecticut General Statutes, alleging that the defendant was liable as a "product seller." On November 5, 1999, Ciola filed a Motion for Summary Judgment. In said Motion, Ciola claimed that it was not a "product seller" as that term is defined in Connecticut General Statutes § 52-572. The plaintiffs did not object to the Motion for Summary Judgment. Instead, on November 12, 1999, the plaintiffs filed a second Amended Complaint. The plaintiffs' second Amended Complaint dated November 12, 1999 abandoned any product liability claim against Ciola. In the Fifth Count of the second Amended Complaint the plaintiff asserted a new cause of action against Ciola solely predicated on grounds of negligence.
Discussion of Law and Ruling
Practice Book § 17-49 (formerly § 384) provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 780-81, 595 A.2d 334 (1991); Lees v. Middlesex Ins. Co.,219 Conn. 644, 650, 594 A.2d 952 (1991). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Practice Book §§ 17-45, 17-46; Burns v. HartfordHospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson,176 Conn. 304, 309, 407 A.2d 971 (1978); Strada v. ConnecticutNewspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982); NewMilford Savings Bank v. Roina, 38 Conn. App. 240, 243-44, 659 A.2d 1226
(1995).
Summary judgment should only be granted if the pleadings, affidavits and other proof submitted demonstrate that there is no genuine issue as CT Page 6109 to any material fact. Scinto v. Stam, 224 Conn. 524, 530, cert. denied,114 S.Ct. 176, 126 L.Ed.2d 136 (1993); Connell v. Colwell, 214 Conn. 242,246, 571 A.2d 116 (1991). Summary judgment is "designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried." Wilson v. City of New Haven, 213 Conn. 277, 279, 567 A.2d 829
(1989).
Connecticut General Statutes § 52-584, which sets forth a statute of limitations for civil actions, provides that:
 No action to recover damages for injury to the person, or to real or personal property, caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be more than three years from the date of the act or omission complained of
In order to determine whether the first prong of § 52-584 has been satisfied, the court must determine whether the November 12, 1999 amendment, which withdrew the product liability claim against Ciola and asserted a claim for negligence, related back to the date of the original complaint. In general, amendments to a complaint are deemed to relate back to the date of the original complaint unless they allege a new cause of action. See Baker v. Baker, 166 Conn. 476, 486, 352 A.2d 277 (1974). "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." (Citations omitted.) Jonap v. Silver,1 Conn. App. 550, 556, 474 A.2d 800 (1984), quoting Saphir v. Neustadt,177 Conn. 191, 207, 413 A.2d 843 (1979). "[W]here an entirely new and different factual situation is presented, a new and different cause of action is stated." Gallo v. G. Fox Co., 148 Conn. 327, 330, 170 A.2d 724
(1961). While there are certain differences between the facts pertinent to the plaintiffs' product liability claim and those pertinent to the negligence claim, they are not sufficiently different to constitute an "entirely new and different factual situation." Therefore, the November 12, 1999 amendment does relate back to March 8, 1999, the date of the original complaint.
The court must next determine whether the complaint was filed "more than three years from the date of the act or omission complained of." The negligence alleged in the Fifth Count of the plaintiffs' second Amended Complaint is contained in paragraph 14. Therein, the plaintiff alleges that his injuries were caused by the negligence and carelessness of Ciola Services including that: CT Page 6110
 a. It sold the woodchipper without all of its original or then recommended parts' instructions and/or warnings, including the quick-stop and reversing safety bar device supplied and required by the woodchipper manufacturer and/or the in-feed chute fold-drop-down tray-table safety extension;
 b. It failed to inspect, maintain, repair, replace or otherwise cause the woodchipper to be sold with all of its original or then recommended parts, instructions and/or warnings;
 c. It had removed the woodchipper in-feed safety bar or device, or knew it had been removed, when it sold the woodchipper; and
 d. It failed to disclose and/or fairly represent the defective and unreasonably dangerous conditions of its woodchipper.
All four allegations of negligence arise either from the sale of the woodchipper in question or alleged actions which occurred prior to the sale of said woodchipper. Therefore, if the sale of the woodchipper by Ciola occurred prior to March 8, 1996, then the action against Ciola is barred under the second prong of § 52-584, sometimes referred to as the statute of repose. Sherwood v. Danbury Hospital, 252 Conn. 193,746 A.2d 730 (2000).
In support of its Motion for Summary Judgment Ciola has presented evidence that it sold the woodchipper to J.H. Tree Timber Corp on December 31, 1995. That evidence consists of Interrogatory responses signed under oath and filed by the purchaser, J.H. Tree Timber Corp. Ciola has also presented documents provided by J.H. Tree Timber Corp. in response to Requests for Production which demonstrate that parts for the woodchipper were ordered and paid for by J.H. Tree Timber Corp. prior to March 8, 1996. The plaintiffs have failed to produce any evidence or affidavit which tends to prove that Ciola sold the woodchipper on or after March 8, 1996. A party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Practice Book §§ 17-45, 17-46; Burns v. Hartford Hospital,192 Conn. 451, 455, 472 A.2d 1257 (1984).
The plaintiffs argue that the statute of repose in § 52-584 has been tolled in this case based on the continuing course of conduct CT Page 6111 doctrine. See Sherwood v. Danbury Hospital, 252 Conn. 193, 202-203,746 A.2d 730 (2000).
"To support a finding of a continuing course of conduct that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to the commencement of the period allowed for bringing an action for such a wrong." Witt v. St.Vincent's Medical Center, 252 Conn. 363, 369-370, 746 A.2d 753 (2000).
A duty may continue after the original wrong where there is either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act. Id.
The plaintiff has presented no evidence of any "special relationship" with the defendant. In fact, the plaintiff cannot produce evidence of any relationship between himself and Ciola Services, Inc. Ciola Services did not sell the woodchipper in question to the plaintiff. The second Amended Complaint alleges that the woodchipper was sold by Ciola Services, Inc. to J.H. Tree Timber Corp. Thus, there is no evidence of any special relationship or ongoing relationship between the plaintiff and Ciola.
An examination of those cases where the continuing course of conduct doctrine tolled the statute of limitations reveals that there was evidence of a relationship between the parties, almost always consisting of a healthcare provider-patient relationship. (Sherwood v. DanburyHospital, 252 Conn. 193, 746 A.2d 730 (2000), statute of limitations tolled because defendant hospital had failed to warn the plaintiff that blood she received in a transfusion had not been tested for presence of HTV virus); (Witt v. St. Vincent's Medical Center, 252 Conn. 363,746 A.2d 753 (2000), statute of limitations tolled where pathologist failed to notify the plaintiff that biopsy showed potentially cancerous growth): (Blanchette v. Barrett, 229 Conn. 256, 640 A.2d 74 (1994), the statute of limitations was tolled because of evidence that the defendant physician had failed to satisfy his duty of monitoring the plaintiffs questionable breast condition.); (Cross v. Huttenlocher, 185 Conn. 390,440 A.2d 952 (1981), the statute of limitations was tolled because of the negligent failure of a physician to warn a patient of the harmful side effects of a drug that the physician had prescribed and that the patient had continued to ingest over a period of time.); (Giglio v. ConnecticutLight Power Co., 180 Conn. 230, 429 A.2d 486 (1980), the statute of limitations was tolled because the installer of the pilot light gave repeated instructions as to its use and response to multiple complaints by the plaintiff.) CT Page 6112
The only case in which the sale of a product created a continuing duty to warn is Handler v. Remington Arms Co., 144 Conn. 316, 130 A.2d 793
(1957). In Handler the plaintiff was injured by an allegedly defective cartridge in a revolver manufactured by Remington Arms Co. In Handler the defendant was the manufacturer who had created the allegedly dangerous condition. In the present case the dangerous condition is the absence of a quick-stop and reversing safety bar device on the woodchipper. Ciola has presented the affidavits of William Ciola and John Ciola, which state that the woodchipper did not have quick-stop and reversing safety bar device at the time Ciola purchased it. The affidavits further indicate that Ciola used an alternate safety measure when it used the woodchipper, a remote control switch which enabled the operator to stop, start, and reverse direction of the feeder rollers. Finally, the affidavits state that the woodchipper was sold "as is" to J.H. Tree 
Timber Corp. As the buyer and seller of a used woodchipper, Ciola was clearly not in the same position as the manufacturer who had created a defective product.
In other cases involving the sale of a product the Supreme Court has not found a continuing duty. Fichera v. Mine Hill Corp., 207 Conn. 204,209-10, 541 A.2d 472 (1988) (no evidence to support continuing duty on part of defendant after property sold); Beckenstein v. Potter Carrier,Inc., 191 Conn. 150, 464 A.2d 18 (1983) (no continuing duty on defendant's part after completion of roof installation); Prokolkin v.General Motors Corp., 170 Conn. 289, 299, 365 A.2d 1180 (1976) (continuing course of conduct theory inappropriate in strict product liability action); Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170,174, 127 A.2d 814 (1956) (continuing course of conduct inapplicable where act completed by sale of air rifle).
Based on the foregoing, the court holds that the action against Ciola Services, Inc. is barred by Connecticut General Statutes § 52-584
because the initial complaint was served more than three years after the sale of the woodchipper by Ciola Services, Inc. and the statute of repose contained in § 52-584 was not tolled by the continuing course of conduct doctrine. Therefore, summary judgment may enter in favor of Ciola Services, Inc.
By the court,
Aurigemma, J.