[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (#117) DEFENDANT'S OBJECTION TO PLAINTIFF'S REQUEST FOR LEAVE TO AMEND COMPLAINT
On June 26, 2002, the plaintiff, Vanliner Insurance Company (Vanliner), filed a request for leave to amend its complaint with the proposed amendments appended thereto. The defendant, Thomas E. Fay, doing business as Thomas E. Fay Insurance Adjusters, filed an objection to the plaintiff's request to amend on July 9, 2002. The pertinent issue implicated by these filings is whether the amended complaint merely seeks to expand or amplify what was alleged in the original complaint, or, rather, creates new and separate causes of action that are barred by the applicable statutes of limitation.
In its original complaint, filed on March 17, 1998, the plaintiff alleges that the defendant, an insurance adjuster, agreed to adjust, investigate, negotiate and handle a workers' compensation claim on behalf of the plaintiff, a workers' compensation insurer.
In paragraphs thirteen of counts one (breach of contract) and two (negligence), the plaintiff alleges the following: (a) the defendant failed to provide timely notice in writing to the custodian of the second injury fund (fund) of the workers' compensation claim at issue and to forward the necessary documents to the fund as required by General Statutes § 31-349 (b); (b) the defendant failed to inform the plaintiff of its failure to provide timely notice and to forward the required documents to the fund; and (c) the defendant instead informed the plaintiff that it had provided timely notice and that it had forwarded the required documents to the fund when it had not done so.
On June 26, 2002, the plaintiff filed a request for leave to amend its complaint pursuant to Practice Book § 10-60. In its amended complaint, the plaintiff seeks to add subparagraphs (d) and (e) to paragraphs thirteen of counts one and two. Subparagraph 13(d) alleges that CT Page 16566 the defendant failed to advise the plaintiff on how properly to proceed with, and protect, its claim to the fund after notification was first delivered thereto. Subparagraph 13(e) alleges that the defendant failed to advise the plaintiff that it was required to pay $2000 to the fund in connection with its re-notice claim for the transfer of the claim at issue to the fund.
Practice Book § 10-59 provides that a party may, as a matter of right, amend its complaint within the first thirty days following the return date. Thereafter, it may do so by filing a request for leave to amend its complaint. Practice Book § 10-60. If another party objects to the request, "[i]t is within the discretion of the trial court to grant or deny an amendment, and a decision to deny an amendment [even] during a trial will not be disturbed unless there is a clear abuse of that discretion." (Internal quotation marks omitted.) ConnecticutNational Bank v. Voog, 233 Conn. 352, 364-65, 659 A.2d 172 (1995). "While our courts have been liberal in permitting amendments . . . this liberality has limitations. Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment." (Citation omitted; internal quotation marks omitted.) Id., 364.
The defendant objects to the plaintiff's request to amend its complaint on the ground that the proposed amendment alleges new causes of action that are barred by the applicable statutes of limitation. Specifically, the defendant argues that the proposed additions to the first and second counts of the complaint assert new causes of action, for breach of contract and negligence, which are barred by General Statutes §§ 52-576
and 52-577, respectively, because they do not relate back to the original complaint. In response, the plaintiff does not contest that the new allegations occurred outside the limitation periods, but instead argues that the proposed allegations are mere amplifications or extensions of its original negligence and breach of contract claims, and are, therefore, not barred by the statutes of limitation.
The statute of limitations is six years for breach of contract actions; General Statutes § 52-576; and three years for negligence actions. General Statutes § 52-577. The conduct on which the plaintiff premises all of its claims occurred in 1994 and 1995. The plaintiff filed its request for leave to amend its complaint on June 26, 2002, well beyond both statutes of limitation. The proposed amendments may only be allowed, therefore, if they relate back to the date of the original complaint. Gurliacci v. Mayer, 218 Conn. 531, 546, 590 A.2d 914
(1991). CT Page 16567
"As to relation back of amendments . . . [a]mendments relate back to the date of the complaint unless they allege a new cause of action." (Citation omitted; internal quotation marks omitted.) Giglio v.Connecticut Light Power Co., 180 Conn. 230, 239, 429 A.2d 486
(1980). "If a new cause of action is alleged in an amended complaint . . . it will [speak] as of the date when it was filed." (Internal quotation marks omitted.) Wagner v. Clark Equipment Co., 259 Conn. 114,129, 788 A.2d 83 (2002). "The difficulty lies not in the rule but in determining what constitutes a `new cause of action.'" E. Stephenson, Connecticut Civil Procedure (3d Ed. 1997) § 55(e), p. 186.
"`A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated. . . . Our relation back doctrine provides that an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims. . . .' (Citation omitted; internal quotation marks omitted.) Barrett v. Danbury Hospital, 232 Conn. 242, 263-64,654 A.2d 748 (1995)." Alswanger v. Smego, 257 Conn. 58, 64-65, 776 A.2d 444
(2001).
The issue is, therefore, whether the amended complaint merely seeks to expand or amplify what was alleged in the original complaint, or, rather, creates new and separate causes of action that are barred by the applicable statutes of limitation. The defendant relies primarily on Sharpv. Mitchell, 209 Conn. 59, 546 A.2d 846 (1988), and Gallo v. G. Fox Co., 148 Conn. 327, 170 A.2d 724 (1961), for the proposition that the plaintiff's newly asserted claims set forth new causes of action that do not relate back to the original complaint. In Sharp v. Mitchell, supra, 209 Conn. 60, the plaintiffs brought a wrongful death action against the defendant employers on behalf of three employees who were asphyxiated in an underground fuel storage facility. In their original complaint, the plaintiff's alleged negligent supervision by the defendants, in that they ordered the decedents into an unsafe underground area. The plaintiffs sought to amend the complaint, after the applicable statute of limitations had passed, to include a claim that the defendants were negligent in designing and constructing the underground storage facility. Id., 62-63. In holding that the plaintiffs' new allegations did CT Page 16568 not relate back to the original complaint, the court reasoned that the complaints involve[d] two different sets of circumstances and depend[ed] on different facts to prove or disprove the allegations of a different basis of liability." Id., 73. The court also stated that "[t]he defendants did not have fair notice of the claim of negligent construction and design of the underground storage area when the original complaint merely alleged that the [defendant supervisor] was negligent in ordering the employees to enter the area." Id.
Likewise, in Gallo v. G. Fox Co., supra, 148 Conn. 331, the original complaint of the plaintiff alleged that she sustained injuries as a result of a fall on one of the defendant's escalators due to the defendant's negligent maintenance, operation and control thereof. The plaintiff then filed a substituted complaint, alleging that her injuries were caused when she fell on the floor due to the defendant's negligence in failing to remove candy and other sticky substances from the floor. Id. As in Sharp, the court held that the newly filed complaint did not relate back to the original complaint: "In the present case, [the plaintiff] has alleged that the accident occurred in another place and under different circumstances and that her injuries were due to the dangerous and unsafe condition of the floor. An entirely different set of facts is now claimed to have brought about her injuries. A new cause of action has been stated. The action is not for the same cause as was alleged by her in the first case." Gallo v. G. Fox Co., supra, 332.
The plaintiff's contention that the proposed subparagraphs (d) and (e) are extensions of its original negligence and breach of contract claims, and that they stem from the same circumstances surrounding the original complaint, i.e., the plaintiff's representation of the defendant before the workers' compensation board, is tenuous in light of the Supreme Court's decision in Alswanger v. Smego, supra, 257 Conn. 58.
In that case, the plaintiff's original complaint alleged, among other things, that the defendant physician and hospital were negligent in failing to advise the plaintiffs of all the material risks involved with the surgical procedure. Applying both Sharp and Gurliacci, the Supreme Court in Alswanger v. Smego, supra, 257 Conn. 61, held "that the allegations in the plaintiffs' amended complaint alleging lack of informed consent regarding a resident's participation in the surgery arose from a different set of facts than the allegations set forth in the original complaint." The court noted that "[a]lthough the focus of the original complaint was on the informed consent as it related to the surgical procedure itself, the amended complaint shifted the focus to consent by the patient to the participation of the individuals involved CT Page 16569 in the surgery." Id., 66. The court further stated that "[t]he amended complaint, although alleging negligence related to the same surgery asthe original complaint, had its basis in a different set of facts fromthe original complaint. That the injuries alleged and the parties involved in each complaint were identical did not eliminate the fact that the complaints were based on different facts." (Emphasis added.) Id., 68.
The plaintiff seeks to distinguish the present case from these and other similar cases, on the ground that its newly asserted claims are akin to those found to be mere amplifications in Gurliacci v. Mayer, supra, 218 Conn. 531, and Dickerman v. Hart, Superior Court, judicial district of Windham at Putnam, Docket No. CV 99 0061794 (May 24, 2000,Sferrazza, J.). Gurliacci v. Mayer, supra, 546, was a personal injury action arising out of a motor vehicle accident. In the original complaint, the plaintiff alleged that the defendant was negligent in operating a motor vehicle while he was intoxicated. In the plaintiff's amended complaint, filed after the relevant statute of limitations had passed, the plaintiff alleged that the defendant's actions were wilful, wanton and malicious, or outside the scope of employment. Id. Distinguishing Sharp, the court stated that "the change in the nature of the negligence action from one of negligent supervision to one of negligent construction [in Sharp] was dramatic because the defendant would have been required to gather different facts, evidence and witnesses to defend the amended claim. In this case, however, the plaintiff's amendment reiterated the negligence claim based on [the defendant's] operation of a motor vehicle, but added that [the defendant] was acting either wilfully, wantonly, and maliciously or outside the scope of his employment." Gurliacci v. Mayer, supra, 549. In concluding that the amendment related back to the original complaint, the court held that "[t]he new allegations did not inject two different sets of circumstances and depend on different facts . . . but rather amplified and expanded upon the previous allegations by setting forth alternate theories of liability." (Citation omitted; internal quotation marks omitted.) Id.
In Dickerman v. Hart, supra, Superior Court, Docket No. CV 99 0061794, the plaintiff initially alleged that she sustained injuries due to the defendants' negligence in locating a wagon and trailer hitch in the parking area of the defendants' business. In its amended complaint, filed after the applicable statute of limitations, the plaintiff sought to add a second count based on recklessness or wanton behavior by the defendants. Noting that the plaintiff's amended complaint merely sought to add that the defendants knew it was dangerous to leave the wagon and trailer hitch in the parking lot, the court stated that "[t]his CT Page 16570 additional language does not create a new and different cause of action since the same set of operative facts are alleged which gave rise to the incident alleged in the original complaint." (Internal quotation marks omitted.) Id. Accordingly, the court granted the plaintiff's motion to amend.
Thus, the plaintiff's reliance on Gurliacci and Dickerman is misplaced. In both cases, the proposed amendments did not rely on different facts or circumstances; rather, the amendments set forth alternate theories of liability. The factual predicate for both the original complaints and the proposed amended complaints were identical. In Gurliacci v. Mayer, supra, 218 Conn. 549, the court explicitly distinguished between an amendment that "amplified and expanded upon previous allegations by setting forth alternate theories of liability," as contrasted with allegations that inject "new sets of circumstances and depend on different facts." Here, unlike Gurliacci and Dickerman, the plaintiff's amended complaint does not merely set forth alternate theories of liability.
In the present case, as in Alswanger, the amended complaint, although alleging negligence and breach of contract actions related to the same underlying contract, has its basis in a different set of facts than the original complaint. Specifically, to prove that the defendant failed to advise the plaintiff on how to properly proceed with, and protect, its claim after the notification the defendant initially delivered to the fund, and that the defendant failed to advise the plaintiff that it was required to pay the $2000 re-notice fee to the fund, requires a different factual predicate than to prove what the plaintiff alleged in the original complaint, i.e., that the defendant was untimely in submitting the claim to the fund. As noted in the defendant's brief, the facts surrounding the plaintiff's alleged failure to pay the $2000 re-notice fee to the fund by October 1, 1995, are different than the facts surrounding the alleged failure to submit the notice letter on February 2, 1994. "These complaints involve two different sets of circumstances and depend on different facts to prove or disprove the allegations of a different basis of liability." Sharp v. Mitchell, supra, 209 Conn. 73.
Because the allegations in the proposed amended complaint set forth new causes of action, which do not relate back to the original complaint, the court finds that such amended complaint is untimely and proposed amended allegations are barred by the statute of limitations. For the foregoing reasons, the defendant's objection to the plaintiff's request for leave to amend its complaint is hereby sustained.
By the Court, CT Page 16571
JOSEPH W. DOHERTY, JUDGE CT Page 16572