REED PATTERSON *v.* SZABO FOOD SERVICE OF NEW YORK, INC.
(5587)
(5588)

SPALLONE, BIELUCH and STOUGHTON, Js.

Argued December 15, 1987—decision released April 19, 1988

*Jeremy G. Zimmermann,* with whom, on the brief, was *Edward T. Falsey III,* for the appellants (plaintiffs).

*Eugene A. Cooney,* with whom, on the brief, was *Joseph A. La Bella,* for the appellee (defendant).

STOUGHTON, J. These are appeals by the plaintiffs from a judgment rendered on a jury verdict for the defendant. We find no error.

The named plaintiff, Reed Patterson, an employee of the intervening plaintiff, United Technologies, Pratt and Whitney Aircraft Division, commenced this action alleging that he had sustained injuries due to the defendant's negligence when he slipped on a greasy substance on the tile floor in the cafeteria operated by the defendant for Pratt and Whitney. Patterson's employer filed an intervening complaint to recover payments made

under the Workers' Compensation Act. The incident giving rise to this action occurred on October 27, 1980. A substitute complaint was filed on May 2, 1986. The defendant alleged as a special defense that the statute of limitations; General Statutes § 52-584;[1] barred the plaintiffs' claims made in the substitute complaint. A motion for summary judgment on this ground was denied. The jury returned a verdict for the defendant.

The plaintiffs claim on appeal that the trial court erred (1) in charging the jury that it might find that the defendant was not negligent if it found that the plaintiff would not have fallen had he heeded the defendant's warning signs, and (2) in sustaining the defendant's objection to the plaintiffs' attempt to cross-examine a witness pursuant to General Statutes § 52-178. The defendant, in accordance with Practice Book § 4013 (a) (1), presented for review an alternate ground upon which the decision may be affirmed. The defendant claims that the trial court erred in ruling that the substitute complaint did not state a new cause of action and, consequently, was not barred by the statute of limitations. We agree, and hence do not reach the plaintiffs' claims of error.

The plaintiff Patterson alleged that on October 27, 1980, while in line at the cafeteria at work, he slipped on a greasy substance on the tile floor. He maintained that the defendant was responsible for daily mainte-

---

[1] "[General Statutes] Sec. 52-584. LIMITATION OF ACTION FOR INJURY TO PERSON OR PROPERTY. No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

nance of the floor, that the defendant should have known that it was dangerous owing to slippery food deposits, and that the defendant had actual or constructive notice of the conditions. The action was begun by him within the two years set forth in General Statutes § 52-584. In his original complaint, he alleged that the defendant was negligent in the following respects: (1) in failing to clean the floor properly in the area of the food line when it knew or should have known of the dangerous condition; (2) in failing to provide sufficient maintenance employees to keep the floor clean and free of slippery food deposits; (3) in violating federal and state occupational safety acts; and (4) in failing to warn the plaintiff Patterson of the dangerous and defective condition of the floor.

On April 28, 1986, outside of the limitation provided by § 52-584 for commencement of an action for negligence, a substitute complaint was filed. In the substitute complaint, the plaintiffs specified that the defendant was negligent in seven respects, each of which was materially different from any of the four specifications of negligence in the original complaint. In the substitute complaint, it was alleged that the defendant was negligent (1) in that it had installed or maintained a highly polished and slippery terrazzo floor and maintained a self-service food dispensary where food was continually spilled on that floor, (2) in that it knew or should have known that the highly polished terrazzo was slippery and that food was being spilled on it, (3) in that using the self-service marketing method of the cafeteria and installing or maintaining a terrazzo floor therein created a defective and dangerous condition, (4) in that it was aware that when food was spilled on the terrazzo floor it became more slippery and unreasonably dangerous, (5) in that it knew or should have known that food was continually spilled on the terrazzo floor thereby making it more hazardous and dangerous but neverthe-

less did not change the material on the floor or install nonskid mats or change from self-service distribution of food or apply any abrasives on the floor or take any other precautions to protect the plaintiff Patterson and other customers, (6) in that spilling of food on said terrazzo floor was a recurring condition of which defendant knew or should have known but failed to remedy, and (7) that it used the self-service food dispensing system which required the handling of food by customers and resulted therefore in the frequent dropping of food onto the terrazzo floor which created a slippery and dangerous condition and that it knew or should have known that the nature of the self-service cafeteria, the general condition of the terrazzo floor and the pattern of conduct of customers would result in recurring spillage and in slippery and hazardous conditions.

As a special defense, the defendant asserted that the plaintiffs' claims were barred by the statute of limitations and later moved for summary judgment. The trial court denied this motion on the ground that the amended complaint merely amplified what was alleged in the original complaint and that the identity of the cause of action remained essentially the same. We disagree.

It is true that a party may properly amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same. *Bielaska* v. *Waterford,* 196 Conn. 151, 154, 491 A.2d 1071 (1985). A new cause of action is barred by the running of the statute of limitations. In order to avoid this result, the substitute complaint must be capable of being related back to the original complaint. This will be so unless it alleges a new cause of action, in which event it will speak as of the date when it is filed. *Keenan* v. *Yale New Haven Hospital,* 167 Conn. 284, 285, 355 A.2d 253 (1974). A cause of action must arise from a single group of facts. *Gallo* v. *G. Fox & Co.,* 148 Conn. 327, 330, 170 A.2d

724 (1961). " ' "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . 'A right of action at law arises from the existence of a primary right in the plaintiff, and in invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action.' " ' " (Citations omitted.) *Jonap* v. *Silver,* 1 Conn. App. 550, 556, 474 A.2d 800 (1984), quoting, *Saphir* v. *Neustadt,* 177 Conn. 191, 207, 413 A.2d 843 (1979). Where an entirely new and different factual situation is presented, a new and different cause of action is stated. *Gallo* v. *G. Fox & Co.,* supra, 330.

We agree with the defendant that the substitute complaint presents a new and different factual situation from that stated in the original complaint and that it therefore states a new and different cause of action. Although both complaints sound in negligence, the substitute complaint does not merely expand and amplify the allegations made in support of his cause of action. The original cause of action was based upon a claim that the defendant failed to clean the floor and keep it free of food deposits. The new cause of action is based upon a claim that the defendant installed or maintained a highly polished and slippery terrazzo floor and employed a method of food distribution which created a dangerous condition on the slippery floor.

Because the trial court ought to have granted the motion for summary judgment, we affirm the judgment for the defendant and do not reach the plaintiffs' claims of error.

There is no error.

In this opinion the other judges concurred.