[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a 1987 action that began as a foreclosure by plaintiff Connecticut National Bank against defendants Julius and Dora Rytman. Thereafter, the Rytmans commenced a third party action against third party defendants Norwich Savings Society and others by a third party complaint dated September 8, 1988. The third party plaintiff Rytmans now seek leave to amend counts twelve, thirteen, sixteen and seventeen of their third party complaint, which counts are directed against Norwich Savings Society. The third party defendant, Norwich Savings Society, has filed a timely objection to the request for leave to amend.
The third party plaintiff Rytmans seek to add to the relevant paragraphs in the aforesaid counts the allegation that they "suffered and/or continued to suffer mental distress and/or anguish." As the paragraphs now read, the third party plaintiffs allege only that they "suffered damages."
The Court is aware that Connecticut follows a liberal policy of allowing amendments; Farrell v. St. Vincent's Hospital, 203 Conn. 554, 561 (1987); and that, in general, a party may amplify or expand what has already been alleged so long as the amendment arises from the same set of facts. Patterson v. Szabo Food Service of New York, Inc.,14 Conn. App. 178, 182 (1988). CT Page 2589
However, the amendment requested by the third party plaintiffs in this case is an attempt to state a claim for damages for emotional distress. To state a claim for intentional infliction of emotional distress, there are four elements which must be pleaded and proved. See Peyton v. Ellis, 200 Conn. 243, 253 (1986). None of the counts sought to be amended by the third party plaintiffs contain allegations of these four necessary elements. Similarly, to state a claim for unintentional infliction of emotional distress in situations, such as here, not involving a physical injury or impact, the law is well-settled that the plaintiff must plead and prove that the defendant knew or should have known that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if caused, might result in illness or bodily harm. Morris v. Hartford Courant Company,200 Conn. 676, 683 (1986); Montinieri v. SNET Co., 175 Conn. 337,345 (1978). None of the counts sought to be amended by the third party plaintiffs contain such allegations.
This case is close to three years old and has appeared on the dormancy list at least twice. Keeping in mind that "liberality has limitations" and that one factor to be considered in passing on a request to amend is the length of delay which would result if the amendment were permitted; Farrell, 203 Conn. at 562; the Court sustains the third party defendant Norwich Savings Society's objections to the requested amendments. To hold otherwise would result in unacceptable delay since a motion to strike by the third party defendant Norwich Savings Society would surely follow, and the amendments would be stricken as legally insufficient.
The third party defendant Norwich Savings Society's objection is sustained as to counts twelve, thirteen, sixteen and seventeen.
J.F. WALSH, J.