[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before the court is an objection (#127) filed by the defendant, Abele Tractor Equipment Co., In., to a request (#126) by the plaintiff, Ecnera Brooks, to amend his complaint.
The original complaint of April 30, 1990, refers to an accident on August 17, 1988, when plaintiff had part of his finger cut off while helping the lessee of defendant's backhoe attach the bucket. The complaint alleged negligence on the part of defendant lessor in that it negligently entrusted a dangerous instrumentality to an incompetent inexperienced lessee, failed to properly instruct lessees to safely operate the equipment, failed to warn plaintiff of lessee's inexperience in handling the equipment, allowed an uninsured lessee to operate the equipment in contravention of the lease agreement and failed to properly screen its lessees.
On January 19, 1993, plaintiff filed a request for leave to amend his complaint, to which the defendant has objected. The amended complaint included the above claims of negligence and added another claim for failure to provide proper tools to change the backhoe bucket. Defendant argues that the amended complaint states a new cause of action that is barred by the statute of limitations.
The trial court has broad discretion when determining whether to grant an amendment to pleadings. Jonap v. Silver, 1 Conn. App. 550,555, 474 A.2d 800 (1984). "Factors to be considered in determining whether there has been an abuse of discretion include unreasonable delay, fairness to opposing parties and the negligence of the party offering the amendment." (Citations omitted.) Id. However, before the court starts weighing the fact that plaintiff waited three years after filing the original complaint to add a claim that presumably could have been raised earlier, the real issue in this case is whether the additional claim states a new and different cause of action.
"An amended complaint, if permitted, relates back to and is CT Page 3428 treated as filed at the time of the original complaint unless it alleges a new cause of action." (Citations omitted.) Id. If there is no relation back due to the nature of the claim, the amendment speaks as of the date of it's filing and must satisfy the statute of limitations on its own. Patterson v. Szabo Food Service, 14 Conn. App. 178, 182, 540 A.2d 99, cert. denied,208 Conn. 807 (1988). In this case, the alleged injury occurred on August 17, 1988. A new cause of action based on that injury must have been brought within two years of that date. General Statutes52-584. The amended complaint containing the additional claim was filed on January 19, 1993, well over four years since the alleged injury and over two years since the expiration of the statutory period. Thus, if the amended complaint contains a new and different cause of action, the two year statute of limitations found in General Statutes 52-584 would bar the new claim.
"The test for determining whether or not a new cause of action has been alleged in somewhat nebulous." Jonap, supra, 556. "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . ." (Citations omitted.) Id.
"A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action." (Citations omitted.) Sharp v. Mitchell, 209 Conn. 59, 71, 546 A.2d 846
(1988). It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated." (Citations omitted.) Id., 71-72. In Sharp, the plaintiffs brought a wrongful death action and attempted to amend their complaint which alleged negligent supervision by adding a count claiming negligent construction and design of an underground facility. Id., 73. The court stated that the claims "involve two different sets of circumstances and depend on different facts to prove or disprove the allegations of a different basis of liability. The fact that the same defendant is accused . . . and the same injury resulted . . . does not make any and all bases of liability relate back to an original claim of negligence." Id. The court in Sharp cited Patterson, supra, with approval. Id., 75. In Patterson, plaintiff's original complaint alleged, inter alia, that defendant was negligent in failing to clean the floor and keep it free of food spillage, CT Page 3429 failing to provide sufficient numbers of maintenance employees to clean the floor and failing to warn of the dangerous condition of the floor. Patterson, supra, 181. The amended complaint was based upon a claim that defendant was negligent in installing or maintaining a slippery "terrazzo floor" and in creating a hazardous condition due to the "cafeteria style" method of food distribution. Id., 183. The court found that although both complaints sounded in negligence, the amended complaint went further than "expanding and amplifying" the original allegations. Id.
The additional claim that defendant failed to provide proper tools to change the bucket is viewed by this court as "expanding or amplifying" plaintiff's original claims that defendant entrusted a dangerous instrumentality to an inexperienced lessee and failed to properly instruct lessees to safely operate the equipment. The claims may be characterized generally as being based on defendant's negligence in leasing the equipment to lessee, and does not assert a new and different cause of action involving a different set of circumstances and relying on different facts to prove or disprove the claim. See Sharp, supra.
Thus, the objection to the amended complaint is overruled.
So Ordered.
Dated at Stamford, Connecticut this 8th day of April 1993.
WILLIAM BURKE LEWIS, JUDGE