[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 8, 1991, the plaintiff filed a one count complaint against the defendants alleging that he was injured on May 18, 1989 by a stallion "known by the defendants to attack without provocation, which fact was unknown to the plaintiff." He further asserted that he was injured while in CT Page 4904 the course of his employment as a "meter reader," because "[t]he defendants were in control of both the pasture and the stallion at the time of the injury and they wrongfully and negligently left the stallion in the pasture to be visited by the plaintiff without notifying the plaintiff of either the stallion's presence or its disposition." He continues and recites that he suffered a bilateral pars fracture of the L5 lumbar spine; grade 1 spondylolisthesis; and aggravation of previously undiagnosed degenerative disc disease; and degenerative arthropathy of the lumbar spine. On June 28, 1991, the plaintiff filed a motion to substitute the proper defendants, William and Beatrice Jones, which was granted on September 26, 1991.
On March 25, 1993, the plaintiff filed a motion for permission to file revised complaint to make the allegations of liabilities and injuries more precise. In particular, he seeks to add the following allegations of negligence:
 7. Said injuries were caused by the negligence of the defendants in one or more of the following respects, in that:
 a. They failed to keep the premises reasonably safe for invitees such as the plaintiff;
 b. After the meter was installed they created a danger by surrounding the meter with a fenced in pasture in which they maintained their horses, so that the only access for reading the meter was through said pasture;
 c. They failed to warn the plaintiff of the dangerous propensities of the stallion which they knew or should have known about, and failed to provide him with any warning of the presence of said stallion within the fenced pasture;
 d. They failed to provide a safe and separate access for reading of the meter;
 e. They failed to restrain or contain said stallion by means such as a tether, chain, or rope; and CT Page 4905
 f. They allowed said stallion to roam freely in said pasture knowing of his dangerous propensities and likelihood of causing injury to invitees, such as the plaintiff.
He would also amend his claim of damages to read:
 a. Severe injuries to the right shoulder, shoulder blade, mid-thoracic area, ribs, and rib cage with involvement of the surrounding muscles, tendons and soft parts.
 b. A severe lumbo-sacral sprain and strain superimposed upon a pre-existing condition of spondylolisthesis which condition prior to the accident was non-disabling and symptom free but since the accident has flared up and has become very painful and chronic and will require surgical intervention.
 c. Multiple bruises, sprain of the neck, body and limbs.
The defendants duly objected, arguing that the court should deny the motion because the motion is not in proper form, attempts to add additional allegations and new causes of action on the eve of trial, and was filed after the parties completed extensive discovery.
A plaintiff may amend the complaint as a matter of right during the first thirty days after the return date. Practice Book, Sec. 175. Thereafter, however, a party may amend by order of the court, by written consent of the adverse party, or by filing a request for leave to file the amendment with the amendment appended. An adverse party may file an objection within fifteen days from the date of the filing of the request, and if no objection is filed within the prescribed time period, the amendment is deemed to be filed with the consent of the adverse party. Practice Book, Sec. 176 which provides, inter alia:
 Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and the negligence, if any, of the party CT Page 4906 offering the amendment. [Citation omitted.] The motion to amend is addressed to the trial court's discretion which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial. [Citations omitted.] It is within the discretion of the trial court to grant or deny an amendment, and a decision to deny an amendment during trial will not be disturbed unless there is a clear abuse of that discretion.
Lawson v. Godfried, 181 Conn. 214, 216; Farrell v. St. Vincent's Hospital, 203 Conn. 554, 561-5; Lo Sacco v. Young,20 Conn. App. 6, 17-18.
In the present case, the plaintiff is attempting to amend the complaint to add additional allegations of negligence. "A new cause of action is barred by the running of the statute of limitations. In order to avoid this result, the substitute complaint must be capable of being related back to the original complaint. This will be so unless it alleges a new cause of action, in which event it will speak as of the date when it is filed." Patterson v. Szabo Food Service of New York, Inc., 14 Conn. App. 178, 182.
 `A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. [Citations omitted.] `A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action.' [Citation omitted.] A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action. [Citations omitted.] It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is CT Page 4907 presented, a new and different cause of action is stated. [Citations omitted.]'
(Emphasis added.) Sharp v. Mitchell, 209 Conn. 59, 71-72. In Sharp, the court denied the plaintiffs' motion to amend because the plaintiffs originally alleged that the defendant "intentionally and/or negligently caused the death of the plaintiffs' decedents by ordering them to enter an underground area, which . . . [the defendant] knew to be without adequate ventilation, contained toxic fumes, lacked oxygen, and lacked proper lighting, gauges and other safety equipment," and then wanted to allege that the defendants "negligently designed, created and constructed an underground storage area without proper ventilation, adequate warnings or adequate gauges." As a result, the court held that the amendment is barred by the statute of limitations because "negligence in sending his employees into a facility that he allegedly knows is dangerous is not the same negligence as that of a person who negligently designs and constructs a dangerous facility." Id., 73-75. See also Patterson v. Szabo Food Service of New York, Inc., supra, 183 (where the court stated that "[a]lthough both complaints sound in negligence, the substitute complaint does not merely expand and amplify the allegations made in support of his cause of action").
Similarly, in the present case, the plaintiff originally alleged that the defendants, although they knew of the horse's dangerous propensities, negligently failed to warn the plaintiff of these dangerous propensities, and now want to allege that the defendants negligently failed to keep the premises reasonably safe for invitees, negligently fenced in the meter, negligently failed to provide a safe and separate access for reading the meter, negligently failed to restrain or contain the horse, and negligently allowed the horse to roam freely knowing of its dangerous propensities. The amendment states an entirely different factual situation, and a new and different cause of action. It is, consequently, barred by the statute of limitations. Section 52-584 of the General Statutes.
While the plaintiff cannot be allowed to amend his complaint to allege different theories of negligence, the foregoing analysis is inapplicable to his attempt to amend the paragraphs of the complaint dealing with his injuries CT Page 4908 which allegedly resulted from the defendants' negligence, no matter which theory of negligence the plaintiff alleges. As a result, after applying the factors discussed in Lo Sacco v. Young, supra, to the facts set forth above, the court does grant the plaintiff's request to amend those paragraphs dealing with the plaintiff's injuries, but only those paragraphs.
Moraghan, J.