[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO FILE AMENDEDCOMPLAINT]
This is a two count complaint dated September 8, 1993, alleging that the defendant law firm negligently drafted a trust for plaintiff which caused her economic damage. Plaintiff alleges that she engaged the defendant to prepare an estate plan for her that would minimize her estate taxes, and that the defendant proposed that the plaintiff establish a Grantor Retained Income Trust [GRIT] which would save her considerable estate taxes. The plaintiff alleges the trust was executed on December 27, 1990, and that because of the enactment of the Omnibus Budget Reconciliation Act of 1990 [OBRA] on November 5, 1990, the promised savings could not be realized through the trust drafted by the defendant. In her second count, the plaintiff alleges that the defendant could have alternatively prepared a Grantor Retained Annuity Trust [GRAT] which would "have most CT Page 5006 nearly accomplished the Plaintiff's desires."
On December 28, 1993, the plaintiff filed a request for leave to file an amended complaint, which adds new counts claiming emotional and mental distress, the breach of an oral contract between the plaintiff and defendant, a Connecticut Unfair Trade Practices Act [CUTPA] claim, more specific allegations of negligence arising out of the defendant's actions and a claim of vicarious liability against the defendant P.C.
The defendant objects to plaintiff's request for leave to amend arguing that the new claims asserted by the plaintiff in the proposed amended complaint do not relate back to the original complaint and are barred by the applicable statute of limitations because the proposed amendment was not filed until more than three years after the date of execution of the trust.
The test for determining whether or not a new cause of action has been alleged is somewhat nebulous and the trial court has broad discretion when determining whether to grant an amendment to pleadings. [Jonap v. Silver,]1 Conn. App. 550, 555 (1984).
 A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff which entitles the plaintiff to relief. . . . A right of action at law arises from the existence of a primary right in the plaintiff, and in invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action.
[Patterson v. Szabo Food Service of New York, Inc.,]14 Conn. App. 178, 183 (1988) quoting [Jonap v. Silver,] supra.
A change in, or addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action. [Sharp v. Mitchell,] 209 Conn. 59
CT Page 5007 (1988). However, "[w]here an entirely new and different factual situation is presented, a new and different cause of action is stated." [Patterson v. SzaboFood Service of New York, Inc.,] supra, citing [Gallo v. G.Fox Co.,] 148 Conn. 327, 330 (1961). See also [Gurliacciv. Mayer,] 218 Conn. 531 (1991).
The basic allegations of the plaintiff's original complaint are that the defendant misrepresented the effect of the GRIT because the passage of OBRA had weakened its tax saving effectiveness, and the defendant was negligent in drafting the GRIT when he could have drafted a GRAT which would have accomplished the plaintiff's goals. In her amended complaint the plaintiff has added the following allegations: the failure of the GRIT to realize the promised tax savings constituted the breach of an oral contract between the plaintiff and the defendant; the defendant failed to remain reasonably aware of changes in the law, specifically with regard to OBRA; the defendant failed to inform the plaintiff that the alternative trust option was available to accomplish her goals; the defendant failed to utilize the alternative trust; the plaintiff has suffered emotional and mental distress; the defendant has violated CUTPA in the conduct of his trade and the defendant P.C. is vicariously liable for all the actions of the defendant. These new allegations are based upon essentially the same facts alleged in the original complaint.
While the amended complaint has "amplified and expanded upon the previous allegations by setting forth alternative theories of liability," it has not injected different sets of circumstances or different facts. See [Gurliacci v. Mayer,] supra. Since the amended complaint relates back to the original complaint, the statute of limitations does not bar the amended complaint and in the absence of any claimed prejudice to the defendants, the motion to file the amended complaint is granted.
Wagner, J. CT Page 5008