[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON OBJECTION TO PROPOSED SECOND AMENDED COMPLAINT
The plaintiff alleges he was laid off from work in March of 1988. Suit was filed in July of 1990 and on April 15, 1994 the plaintiff filed a so-called "Second Proposed Amended Complaint" Clearly P.B. § 176 was not complied with since opposing counsel didn't consent to the amendment and no motion was filed seeking the court's permission to amend the complaint.
Apart from these procedural problems which would be enough grounds for the court to sustain the defendant's objection to the proposed amendment, the court believes the objection should be sustained on the merits.
The defendant claims that the amendment sets forth a new cause of action and is thus barred by the statute of limitations. In the last amended complaint the plaintiff's claim arises from the fact that he was laid off in March of 1988 and was not rehired in violation of promise to recall him to work thus breaching a contract he had with the employer. In a second count the plaintiff alleges he reasonably relied on the defendant's representation regarding recall. In a third count the plaintiff claims reliance not on specific representations made to him regarding recall but on the defendant's alleged "custom and practice" as to recall. The plaintiff alleges this justifiable reliance caused him damages.
The new count sought to be added to the complaint alleges that when the defendant through its agents represented the plaintiff was eligible for rehire it knew these representations were false and fraudulent and were made to induce the plaintiff not to file any claims concerning allegations of discrimination. The defendant argues this new count is rounded on the tort of CT Page 9782 misrepresentation which is governed by Section 52-577
C.G.S.A, which provides for a three year statute of limitations. If the proposed fourth count is a new cause of action then it would seem on the face of the pleadings to be barred by the statute.
In our state we have adopted the policy of Federal Rule of Procedure 15(c) in deciding whether a proposed amendment should be held to relate back to the date of the complaint, Giglio v. Conn. Light Power Co., 180 Conn. 230,237 (1980). The federal cases are collected inFederal Practice and Procedure, Wright, Miller, Kane, Vol. 6A, § 1497, pp. 70-103. The rationale of the relation back rule is to ameliorate the effects of the statute of limitations, Siegel v. Converters Transportation Inc.,714 F.2d 213, 216 (CA 2, 1983). A stated in Wright "the standard for determinating [determining] whether the amendments qualify under Rule 15(c) is not simply an identity of transaction test; although not expressly mentioned in the rule, the courts also inquire into whether the opposing party has been put on notice regarding the claim . . . raised by the amendment pleading." Federal Practice and Procedure supra, § 1497 at page 85.
As the Giglio court noted in quoting from Moore's Federal Practice: "a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitations are intended to afford" 180 Conn. at page 240. Or to put it another way: "Limitation is suspended by the filing of a suit because the suit warns the defendant to collect and preserve his evidence in reference to it", Barthel v. Stanim,145 F.2d 487, 491 (CA 5, 1944). The latter statement is the most liberal interpretation of the rule, the Federal cases generally interpret 15(c) liberally, and our application of the relation back doctrine should be similarly treated given the Supreme Court's reference to the federal practice
However, fair notice is the linchpin of the federal test and has been the test applied in our appellate courts when deciding whether an amendment relates back to the original complaint, Sharp v. Mitchell, 209 Conn. 59, 73
(1988). CT Page 9783
Here there is no basis for the court to find that the defendant could possibly have had notice of a false representation tort by the allegations of previous complaints in this matter. There would especially be no basis for the court to find the defendant had some kind of an obligation to collect facts and preserve evidence relative to a possible discrimination claim which the plaintiff now alleges (four years after suit, six years after the incident) provided the reason for the false representation in the first place. The fourth count presents "a new and different factual situation," Pattersonv. Szabo Food Service of New York Inc., 14 Conn. App. 178,183 (1988). It wouldn't be fair to allow this amendment because no fair notice was given by previous complaints. The objection to the motion to amend is sustained.
Corradino, J.