[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
This action commenced by complaint dated July 26, 1991 as an action seeking payment for engineering services provided by the plaintiff for the defendants between the years 1987 and 1990.
An answer and counterclaim were filed in December 1992. The plaintiff timely filed an answer to the counterclaim and the pleadings were closed in December 1992. This matter has been pending on the jury list since December 1992.
The plaintiff filed a request to file an amended complaint on October 26, 1995 seeking to add a count alleging immoral, unethical, oppressive, unscrupulous and fraudulent conduct by the defendants, thereby seeking punitive damages and attorney's fees pursuant to General Statutes § 42-110g (CUTPA).
The defendants have filed an objection to the Motion for Leave to Amend on several grounds including that it sets out a new cause of action which is time barred by the applicable Statutes of Limitations; that it will cause unreasonable delay in the trial of the case and that the claims of fraud and violation of CUTPA are made without factual basis.
The Court sustains the objection to the plaintiff's motion for the following reasons: CT Page 13290
The trial court has the discretion to allow a pleading to be amended and should consider such factors as the length of delay, fairness and the negligence of the offeror. See Rosick v.Equipment Maintenance Service, Inc., 33 Conn. App. 25, 33
(1993); S.M.S. Textile Mills, Inc. v. Brown, Jacobson,Tillinghast, Lahan King, P.C., 32 Conn. App. 786, 794 (1993);Kelly v. Bonney, 221 Conn. 549, 591 (1992).
This case has been on the trial list for almost three years. The proposed amendment alleges the defendants, by themselves and through their agents, concocted a scheme to accuse the plaintiff of providing defective services to avoid paying monies owed. This claim sets out an entirely new cause of action with different facts and circumstances required to prove and/or disprove the allegations. It would reasonably be expected to entail a whole new round of discovery and depositions causing unreasonable delay. The counterclaim, which was filed on December 9, 1992 alleges specific facts in support of the defendants claims of negligence, breach of contract and CUTPA violations on the part of the plaintiff.
The plaintiff had more than ample time to utilize discovery, to take depositions and to file any requested amendments in a much more timely fashion.
It seems unreasonable, unjust and unwarranted to allow the complaint to be amended at this point in the case, based on the non-fact specific proposed pleading and the consequent further delays which would be necessitated.
Also, the proposed amendment sets out new causes of action sounding in fraud and violations of the Connecticut Unfair Trade Practices Act. These causes of action are controlled by three year statutes of limitations (General Statutes § 52-577 and42-110g(f). The proposed complaint alleges the actionable conduct took place prior to February 2, 1990.
As noted, these claims are based on new facts and circumstances. That being so, they do not relate back to the original action. Viets v. Hartford, 134 Conn. 428, 434 (1948);Felsted v. Kimberly Auto Services, Inc. 5 Conn. App. 665, 668
(1991); Patterson v. Szabo Food Service of New York. Inc.,14 Conn. App. 178, 182 (1988). CT Page 13291
For the forgoing reasons, the Objection to Request for Leave to file Amended Complaint is sustained and the Plaintiff's request for Leave to file Amended Complaint is denied.
Klaczak, J.