[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is the motion for summary judgment filed by defendants, Clough Harbor Associates, Inc. (Clough Harbor) and Harishchandra Mistry (Mistry). Said motion should be granted.
On June 4, 1993, Manuel Silva was involved in a motor vehicle accident with a Case 1085B motor vehicle, allegedly causing him to suffer personal injuries, a permanent loss of earning power, and damage to his motor vehicle. On May 30, 1995, the plaintiffs, CT Page 5252-LL Manuel and Kristine Silva, filed a nineteen-count complaint against eleven defendants, not including Clough Harbor and Mistry. In their original complaint the plaintiffs alleged, inter alia, that the original defendants acted negligently in failing to erect and/or maintain impact attenuation systems or other barriers at or near the Case 1085B motor vehicle and in failing to warn members of the public that the highway was obstructed by the Case 1085B motor vehicle.
On November 16, 1995, the plaintiffs filed a motion to implead Clough Harbor and Mistry pursuant to General Statutes § 52-102. This motion was granted on December 4, 1995. On December 13, 1995, Mistry was served with the plaintiffs' "First Revised Complaint" (revised complaint) which added Clough Harbor and Mistry as defendants. On December 20, 1995, Clough Harbor was served with the same complaint. Counts Twenty, Twenty-One, and Twenty-Four of the plaintiffs' revised complaint are directed at Clough Harbor and Counts Twenty-Two, Twenty-Three and Twenty-Five of the plaintiffs' revised complaint are directed at Mistry. Counts Twenty and Twenty-Two respectively allege that Clough Harbor and Mistry, who were "responsible for the setup and/or inspection of the signs, cones, traffic layout and/or . . . compliance with the safety aspect of said project. . . .," acted negligently.
On March 4, 1996, Clough Harbor and Mistry filed a motion for summary judgment with respect to Counts Twenty and Twenty-Two of the plaintiffs' revised complaint on the ground that these counts are barred by the two-year statute of limitations provided in General Statutes § 52-584. As required by Practice Book §§ 204 and 380, on the same date, Clough Harbor and Mistry filed a memorandum in support of their motion for summary judgment.
Clough Harbor and Mistry argue that the plaintiffs were required to bring Counts Twenty and Twenty-Two within two years of the date of the motor vehicle accident, June 4, 1993. Clough Harbor and Mistry conclude that this two-year period expired on June 4, 1995. Clough Harbor and Mistry further argue that because they were not included as defendants in the plaintiffs' original complaint, the plaintiffs' revised complaint does not relate back to the original complaint. Clough Harbor and Mistry, therefore, contend that because the plaintiffs did not serve Mistry until December 13, 1995 and Clough Harbor until December 20, 1995, Counts Twenty and Twenty-Two of the plaintiffs' revised complaint are barred by the two-year statute of limitations for negligence CT Page 5252-MM provided in General Statutes § 52-584, and, accordingly, their motion for summary judgment should be granted.
On March 6, 1996, the plaintiffs filed an objection to Clough Harbor and Mistry's motion for summary judgment. On the same date, the plaintiffs filed a memorandum in support of their objection to the motion for summary judgment. The plaintiffs argue that the two-year statute of limitations provided in General Statutes § 52-584 began running on the date of the injury, interpreted to mean "actionable harm." The plaintiffs further argue that "[o]ne is not perceived to have sustained `actionable harm' until that person has discovered a causal relationship between a Defendant's negligent acts or omissions and the harm sustained by the Plaintiff."
In the present case, the plaintiffs claim that they first became aware of the identity of Clough Harbor and Mistry on or about August 30, 1995 when a defendant, Alcaide, Inc. provided the plaintiffs with a document in which Mistry stated that he was employed by Clough Harbor. The plaintiffs contend that the statute of limitations began running on this date, when they discovered the causal relationship between their injuries and the negligence of Clough Harbor and Mistry. The plaintiffs argue that, therefore, because there is a question of fact as to the date when the statute of limitations began running, the motion for summary judgment should be denied.
On May 8, 1995, Clough Harbor and Mistry filed a reply memorandum of law arguing that the two year statute of limitations provided in General Statutes § 52-584 began running on June 4, 1993.
"`The standard of review of a trial court's decision to grant a motion for summary judgment is well established.'" WadiaEnterprises, Inc. v. Hirschfeld, 224 Conn. 240, 246, 618 A.2d 506
(1992). "Pursuant to Practice Book § 384, summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105.
"`The test [for granting a motion for summary judgment] is whether a party would be entitled to a directed verdict on the same facts.'" Id., 105-06. "A directed verdict is appropriate CT Page 5252-NN when the jury could not reasonably and legally have reached any other conclusion." (Internal quotation marks omitted.) Boehm v.Kish, 201 Conn. 385, 393 n. 4.
"A claim that an action is barred by the lapse of a statute of limitations must be pleaded as a special defense." Forbes v.Ballaro, 31 Conn. App. 235, 239, 327; Practice Book § 164. "`Accordingly, a statute of limitations defense must be specially pleaded before it may be raised as a basis for a summary judgment motion.'" Bigler v. Centerbank Mortgage Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 348772 (June 28, 1995, Hadden, J.).
On March 4, 1996, Clough Harbor and Mistry filed an answer and special defenses to the plaintiffs' revised complaint. Clough Harbor and Mistry raised the statute of limitations provided in General Statutes § 52-584 as a special defense to Counts Twenty and Twenty-Two of the plaintiffs' revised complaint. Subsequently, Clough Harbor and Mistry filed their motion for summary judgment based on this special defense. Clough Harbor and Mistry properly based their motion for summary judgment on the statute of limitations defense.
The parties agree that General Statutes § 52-584 provides the applicable statute of limitations with respect to Counts Twenty and Twenty-Two of the plaintiffs' revised complaint. General Statutes § 52-584 provides that "[n]o action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanitorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."
In the present case, Manuel Silva allegedly sustained injuries as a result of the motor vehicle accident which occurred on June 4, 1993. Pursuant to General Statutes § 52-584, the plaintiffs, Manuel and Kristine Silva, must have brought their claims with respect to all of the defendants, including the movants, Clough Harbor and Mistry, within two years of the date CT Page 5252-OO of the motor vehicle accident. This two-year period expired on June 4, 1995. However, the plaintiffs did not serve Mistry until December 13, 1995 and Clough Harbor until December 20, 1995. Therefore, pursuant to General Statutes § 52-584, the plaintiffs' negligence claims against Clough Harbor and Mistry, respectively Counts Twenty and Twenty-Two of the plaintiffs' revised complaint, are time barred. There is no genuine issue of material fact, the court should grant Clough Harbor and Mistry's motion for summary judgment with respect to Counts Twenty and Twenty-Two of the plaintiffs revised complaint.
Plaintiffs' revised complaint, served on Mistry December 13, 1995 and on Clough Harbor December 20, 1995, alleges a new cause of action as to each of the movants; therefore, the revised complaint cannot and does not relate back to the original complaint, saving Counts Twenty and Twenty-Two from being barred by the two-year statute of limitations for negligence actions.Patterson v. Szabo Food Service of New York, Inc., 14 Conn. App. 178
(1988).
Accordingly, Clough Harbor and Mistry's motion for summary judgment with respect to Counts Twenty and Twenty-Two of the plaintiffs' revised complaint is granted.
Ronald J. Fracasse, Judge