[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S REQUEST TO AMEND COMPLAINT
An action was brought by the plaintiffs on May 19, 1994 in which they alleged that on June 9, 1992 they were injured in a motor vehicle accident. The plaintiffs further alleged that defendant operator was the lessee of a truck that was owned and leased by the defendant U-Haul Company of Connecticut, Inc. (U-Haul). The count against the defendant U-Haul stated the operator was negligent in the operation of the leased vehicle, asserts he operated the vehicle as the agent, servant or employee of the defendant and claims that the defendant U-Haul was subject to the provisions of § 14-154a of the General Statutes. That statute declares that an owner-lessor of a motor vehicle shall be liable in damages to any person damaged by the operation of the vehicle to the same extent as the operator would have been liable if the operator had also been the owner. It requires no citation of authority to conclude that this is a vicarious liability statute. The lessor-owner is responsible for damage caused by "the operation of such motor vehicle". If the lessee-operator is liable then the owner-lessor is liable and whether the lessee-operator is liable depends on whether the actual operation of the vehicle caused injury or harm.
The defendant U-Haul filed a motion for summary judgment directed to the § 14-154a count in the original complaint. On July 29, 1996 and well beyond the applicable statute of limitations the plaintiffs have filed a request for leave to amend the complaint. In a new added fourth count the plaintiffs, for the first time, claim in a number of allegations that the defendant's agents improperly and inappropriately rented the vehicle to the defendant-operator — proper identification wasn't obtained; it was not ascertained that false information was being provided; no inquiry was made as to the criminal record or possession of a valid license; the vehicle was rented to an intoxicated individual; the driving record was not investigated.
The plaintiffs claim it is appropriate to allow the amendment CT Page 9188 because the added allegations relate back to the allegations of the original complaint.
Our court has held that an issue such as the one before the court is determined by deciding whether the proposed amendment relates back to the original complaint and cause of action. It has further held that our relation back doctrine "is akin to Rule 15(c) of the Federal Rules of Civil Procedure" Giglio v. Conn.Light Power Co., 180 Conn. 230; Sharp v. Mitchell, 209 Conn. 59,72 (1988). The federal courts have given a liberal reading to Rule 15(c). The question is really one of fair notice. InFederal Practice Procedure, Wright, Miller, Kane, Vol. 6A, § 1497 at page 85, it says:
 Because the rationale of the relation back rule is to ameliorate the effect of the statute of limitations, rather than to promote the joinder of claims and parties, the standard for determining whether amendments qualify under Rule 15(c) is not simply an identity of transaction test; although not expressly mentioned in the rule, the courts also inquire into whether the opposing party has been put on notice regarding the claim or defense raised by the amended pleading."
Along these lines, the court in Bartel v. Stamm, 145 F.2d 487,491 (CA 5, 1944) said:
 "Limitation is suspended by the filing of a suit because the suit warns the defendant to collect and preserve his (sic) evidence in reference to it. When suit is filed in a Federal Court under the rules, the defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be, and that the form of action or the relief prayed for or the law relied on will not be confined to the first statements."
Also see Campell v. A.C. Petersen Farms, 69 FRD 457, 461-462
(D. Conn. 1975).
In Zagurski v. American Tobacco Co., 44 FRD 440, 442-443, (D. Conn. 1967) the court said: CT Page 9189
 "[T]he question is whether the defendant ought to have known from the original complaint the facts the plaintiff is now adding. Whether to permit an amendment is not decided by mechanically measuring it against a statute of limitation. Once a complaint has been served, the policy behind the statute of limitations has been satisfied so long as the different theories introduced by the amendment fuse together with the `conduct, transaction or occurrence' set forth in the complaint. . . . The defendant has had notice from the beginning that plaintiff is trying to enforce a claim for damages sustained from smoking the cigarettes it manufactured and marketed. It is not unreasonable to require it to anticipate all theories of recovery and prepare its defense accordingly."
As Wright says then at § 1497, page 93, the appropriate approach in these cases "is to determine whether the adverse party ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be altered or that other aspects of the conduct, transaction or occurrence set forth in the original pleading might be called into question."
To focus this fair notice test in terms of actual courtroom litigation, it has also been said that: "A fair test in determining whether an amended pleading introduces a new cause of action is whether evidence tending to support the facts alleged could have been introduced under the former pleadings." Wisbeyv. American Community Stores Corp., 288 F. Sup. 728, 734 (D. Neb. 1968). Cases like Gurliacci v. Mayer, 218 Conn. 531 (1991); Sharpv. Mitchell, 209 Conn. 59 (1988) and Patterson v. Szabo FoodService of New York, 14 Conn. App. 178 (1988) can be readily analyzed in terms of the fair notice aspect of the relation back doctrine.
In Gurliacci the first complaint alleged the defendant was acting negligently in operating his motor vehicle while intoxicated and thereby injured the plaintiff. The trial court allowed the complaint to be amended after the limitations period had passed by adding allegations that the defendant was acting CT Page 9190 wilfully, wantonly, and maliciously or outside of the scope of his employment. The Supreme Court upheld the trial court saying the "amendment reiterated the negligence claim based on Mayer's operation of a motor vehicle but added that Mayer was acting either wilfully, wantonly, and maliciously or outside the scope of his employment. The new allegations did not inject `two different sets of circumstances and depend on different facts' . . . but rather amplified and expanded upon the previous allegations by setting forth alternate theories of liability.",218 Conn. at p. 549.
In Sharp v. Mitchell, supra, the court held it would be inappropriate to permit the complaint to be amended on a relation back theory. The original complaint was based on an allegation of negligent supervision; men were sent into an underground storage which lacked proper ventilation, contained fumes, poor lighting and didn't have safety equipment. The amended complaint sought to allege negligent design and construction of the underground storage area. The court held that "the defendants did not have fair notice of the claim of negligent construction and design, id. page 73. That was so because, as noted in Gurliacci
at 218 Conn. p. 549 in commenting on Sharp v. Mitchell the change of the negligence action from one of negligent supervision to one of negligent construction was dramatic because the defendant would have been required to gather different facts, evidence and witnesses to defend the amended claim." As Sharp court itself noted "the fact that the same defendant was accused of negligence in each complaint and the same injury resulted . . . does not make any and all bases of liability relate back to an original claim of negligence", 209 Conn. at page 73. Also, see Patterson v.Szabo Food Services, supra (amendment not allowed, original complaint alleged fall due to greasy substance left on floor, amendment alleged material out of which floor constructed had too slippery a surface).
This Court believes that the relation back doctrine should be liberally interpreted but not beyond the bounds of fair notice. The original complaint asserted a vicarious theory of liability under § 14-154 (a). The defendant U-Haul is obliged to stand in the position of the operator and the negligence of the operator is concerned with the operation of the car at the date and time of the accident. The amended complaint, however, alleges the defendant U-Haul was negligent or acted improperly through its agents and employees in the actual renting of the car at the time it was rented and during that rental process. Obviously an CT Page 9191 entirely different set of facts and circumstances is involved with different witnesses and an entirely different mode of preparation and analysis of the case from the defense point of view. The plaintiffs allege there is a factual connection between the two types of negligent activity because there is a claim that the accident may have resulted from intoxication and an allegation in the new fourth count that the car was rented out although the prospective lessee was intoxicated at the time of the rental. But that is too tenuous a connection; there is a temporal consideration — the fact that the operator may have been intoxicated while operating does not mean he was intoxicated when the car was rented and vis-a-versa.
More importantly, the set of witnesses the defendant would have to interview and the investigation it would have to conduct to meet the new claim is entirely different from the work that would have to be done to defend against the original operation claim under § 14-154 (a) of the general statutes.
Under § 14-154 (a) liability is imposed on the lessor-owner of the motor vehicle whether or not it took any precautions to make sure it was renting its vehicles to a responsible driver. That a statute like § 14-154 (a) may have the effect of encouraging lessors to ensure their vehicles are rented to such drivers has nothing to do with and does not permit a court to ignore consideration of fair notice and disregard traditional considerations as to what a single cause of action has been defined to be.
No lawyer faced with the original claim here could expect or could fairly be held to have expected that he or she would be required, when the original suit was filed, to garner information or interview witnesses in anticipation of the entirely different claim asserted in the amendment. This is not merely a new theory of relief based on the same set of factual allegations but rather a situation where a whole new set of factual allegations is made to support a different claim for relief. There can be no relation back because the amendment is not part of the same cause of action.
 "A cause of action is that single group of facts which is claimed to have brought about an injury to the plaintiff and which entitles the plaintiff to relief", Bridgeport Hydraulic Co. v. Pearson, 139 Conn. 186, 197
CT Page 9192 (1952)
No single group of facts supports both of these claims so the request to amend must be denied.
CORRANDINO, J.