[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON OBJECTION TO AMEND NO. 189
The plaintiff, Steven A. Springer, Administrator of the Estates of Sheryl S. Springer, Joshua Springer and Amanda Springer, brought this action against the Town of Brookfield (hereinafter "the defendant") and other defendants, alleging, inter alia, that the defendant's improper maintenance of Quarry Road in Brookfield caused his wife's car to go off the road into Domain's Pond, thereby causing the death of his wife and children. On October 17, 1996, the plaintiff filed a revised complaint alleging in count one that the defendant violated General Statutes § 13a-149, the Connecticut defective highway statute. Count two alleged, in the alternative, that the defendant violated General Statutes § 13a-152, pertaining to the maintenance of fences around roads; count three alleged that the condition of Quarry Road constituted a nuisance; count four alleged that several officers of the defendant were negligent; and count five alleged that the defendant was liable under General Statutes § 7-465 for the indemnification of its employees.
On October 27, 1994, the defendant moved to strike counts two through five on the grounds that General Statutes § 52-557n makes General Statutes § 13a-149 the exclusive remedy for any action against a municipality arising out of a defective highway. On June 19, 1995, this court granted the defendant's motion to strike. See Springer v. Brookfield, Superior Court, judicial district of Danbury at Danbury, Docket No. 317008 June 19, 1995, Stodolink, J.). The plaintiff thereafter filed a notice of the right to appeal the granting of the defendant's motion to strike and has not removed counts two through five from his complaint.
On June 11, 1996, the plaintiff filed a request for leave to amend his complaint to add a count of nuisance, which count alleged that the defendant's positive acts of excavating, configuring and filling Domain's Pond constituted a continuing danger likely to inflict injury. The defendant filed a timely objection pursuant to Practice Book § 176, arguing that the new count should be barred by both General Statutes § 52-557n and by the "applicable statute of limitations." The plaintiff filed a CT Page 1138 reply memorandum, arguing that the new count of nuisance relates to a pond and thus does not implicate the defective highway statute, and that the statute of limitations should be addressed by the defendant only as a special defense.
"Whether to grant a request to amend the pleadings is a matter within the discretion of the trial court, and [the Supreme Court] will rarely overturn the decision of the trial court."Bauer v. Waste Management of Connecticut. Inc., 239 Conn. 515,521, ___ A.2d ___ (1996). "Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment." Connecticut National Bank v. Voog,233 Conn. 352, 364, 659 A.2d 172 (1995). In addition to these factors, the court must address the issue that "if the proposed amendment [does] not relate back to the date of [the plaintiff's] original complaint, the proposed amendment would be barred by the statute of limitations." Barrett v. Danbury Hospital,232 Conn. 242, 263 n. 13, 654 A.2d 748 (1995).
An amendment to a complaint will not relate back if it alleges a new cause of action. Patterson v. Szabo Food Service ofNew York, Inc., 14 Conn. App. 178, 182, 540 A.2d 99, cert. denied, 208 Conn. 807, 545 A.2d 1104 (1988). Rather, "[a]n amendment to a complaint that sets up a new and different cause of action speaks as of the date when it is filed." Felsted v. KimberlyAuto Services, Inc., 25 Conn. App. 665, 667, 596 A.2d 14
(1991). Consequently, if the plaintiff's proposed amendment does not fall within the statute of limitations, it may not allege a new cause of action.[1]
The statute of limitations applicable to the plaintiff's claims is General Statutes § 52-555, which provides in pertinent part: "Actions for injuries resulting in death. In any action surviving to or brought by . . . an administrator for injuries resulting in death . . . no action shall be brought to recover such damages and disbursements but within two years from the date of death. . . ." The wrongful death statute is the exclusive means by which a plaintiff may recover for damages resulting from death Lynn v. Haybuster Manufacturing, Inc., 226 Conn. 282,295-96, 627 A.2d 1288 (1993); Ladd v. Douglas Trucking Co.,203 Conn. 187, 195, 523 A.2d 1301 (1987). "Since 52-555 creates liability where none formerly existed, the statute must be strictly construed. . . ." Ecker v. West Hartford,205 Conn. 219, 233, 530 A.2d 1056 (1987). In the present action, the CT Page 1139 plaintiff's proposed amendment was filed almost exactly three years after the deaths occurred and thus falls outside of the two-year limit established by § 52-555.[2] The question of whether to allow the plaintiff's proposed amendment hinges on whether it sets forth a new cause of action.
"`A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff. . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action. . . . [W]here an entirely new and different factual situation is presented, a new and different cause of action is stated. . . .'" Barrett v. Danbury Hospital,
supra, 232 Conn. 263-64, quoting Gurliacci v. Mayer,218 Conn. 531, 546-47, 590 A.2d 914 (1991). The test therefore, is whether the proposed amendment to the complaint alleges a new factual situation.
The plaintiff's proposed amendment is a new count alleging that the defendant's maintenance and use of Domain's Pond is a nuisance. In the proposed new count, the plaintiff alleges that Domain's Pond "was in a condition that was created and maintained by the positive act(s) of the Defendant Town of Brookfield in one or more of the following ways: (a) by excavating the pond area; (b) by configuring the pond area; (c) by filling the pond area." In the previous complaint, the only count of nuisance dealt exclusively with the condition of Quarry Road. Moreover, while the facts which establish the existence of the plaintiff's right remain the same in the proposed amended complaint, the facts describing the delict on the part of the defendant are fundamentally different from any facts alleged before. SeeBarrett v. Danbury Hospital, supra, 232 Conn. 264. Therefore, a new factual situation has been presented, and the proposed count in nuisance sets up a new cause of action.[3] Since the statute of limitations for a new cause of action under the wrongful death statute, General Statutes § 52-555, has expired, the plaintiff cannot be allowed to amend his complaint, and the defendant's objection is sustained.
Stodolink, J.