[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The purpose of the court's decision is to address multiple pleadings which are outstanding in this case relating to plaintiff's (Judith Sandvig) two Requests to Amend (#159 and #173) and various memoranda filed against and in support of said requests (#161, #162, #164, #169, #176, #177, #178, #180, #181, #186, #187, #189, and an undocketed memoranda dated April 21, 1997).[1]
The defendants are A. Dubreil and Sons, Inc. and Colonial Carpet Tile Co.
This court will first deal with plaintiff's second Request to Amend, dated March 7, 1997, as it raises some procedural issues which will also be dispositive of plaintiff's first Request to Amend. This second request seeks to add a breach of contract count and a res ipsa loquitur count (5 and 7) with attendant loss of consortium claims (6 and 8) against defendant Dubreil directly and defendant Colonial indirectly through the indemnification claim.
As a threshold issue plaintiff argues that the defendant Colonial's objection was untimely filed and accordingly, the objection should be overruled. Plaintiff further argues that the defendant Dubreil's objection should also be overruled since the CT Page 4495 court must overrule defendant Colonial's objection due to its untimeliness.
Plaintiff's second Request to Amend was filed on March 7, 1997. Practice Book Section 176 requires objections to amend be filed within 15 days from the filing of the request. Practice Book Section 405 extends the filing period to the next business day if the end filing date falls on a non-court date. Defendant Dubreil's objection was filed on March 24, 1997. The 15 day filing period expired on March 22, 1997, a Saturday. March 23, 1997 was a Sunday, and thus, the next court business day was March 24, 1997, the date on which defendant Dubreil filed. Accordingly, defendant Dubreil's objection was timely filed.
Defendant Colonial filed its objection on March 25, 1997, admittedly one day beyond the 15 day period, including extensions under Section 405 of the Practice Book. The filing date of the pleading (March 25, 1997), not the date on the pleading (March 24, 1997), is the operative date for the court to consider. Accordingly, defendant Colonial's objection on the second Request to Amend is untimely and will not be considered by the court. However, the amendments requested by the plaintiff are made directly against the defendant Dubreil. Thus, any decision by the court as to the defendant Dubreil will affect the defendant Colonial similarly on the indemnification claim.
As to the plaintiff's request to add a breach of contract claim, Dubreil asserts that the new count 5 (and attendant loss of consortium claim in count 6) are barred by the six year statute of limitations as set out in Section 52-576 C.G.S. Plaintiff argues that Section 52-584a C.G.S., which has a seven year statute of limitations for architects and engineers, is the applicable statute. Since there is nothing before this court indicating that either defendant is anything but a contractor, the court rejects defendant's argument. This court finds that the operative statute of limitations is Section 52-576, a six year limitation.
A breach of contract cause of action accrues when the breach occurs, not when the damages occur or are discovered. Kennedy v.Johns-Manville Sales Corp., 135 Conn. 176 (1948). If the statute of limitations has run, an amendment is disallowed if it does not relate back to the original allegations of the complaint. Gigliov. Connecticut Light and Power Co., 180 Conn. 230, 239 (1980). This court is not persuaded by plaintiff's argument that this CT Page 4496 breach of contract claim relates back. This court finds that the breach of contract claim is an entirely new and different cause of action which does not relate back and had to have been filed within six years of the alleged breach. Defendant Dubreil completed work in this area (the site of the alleged incident) in September of 1989. The six years ran in September of 1995; the amendment was made on March 7, 1997, well outside the six year statute.
Plaintiff argues that two bankruptcy stays tolled the statute of limitations. Assuming arguendo such is the case and applying the maximum time which plaintiff claims the statute was tolled (one year, four months, and four days), the statute of limitations would extend to some time in January of 1997, still two months outside of the statute.
Accordingly, plaintiff's Request to Revise counts 5 and 6 are denied and all objections of the defendant Dubreil are sustained.
Plaintiff's first Request to Amend, dated January 10, 1997, seeks to amend her complaint by adding two additional allegations to paragraph 4 of counts 1 and 2 against the defendant Dubreil and the same to paragraph 5 of counts 3 and 4 against the defendant Colonial. The original complaint filed in September of 1993 alleges in sum that the plaintiff was injured through the negligence of the defendants by their improper installation of the tile. The plaintiff seeks to amend by adding allegations claiming the defendants damaged the existing tiles and/or failed to replace same, thus causing the plaintiff's injuries.
Plaintiff argues that these new allegations should relate back in time to the original complaint. The defendants argue that these allegations are new causes of action which are barred by the statute of limitations.
This court finds that Patterson v. Szabo, 14 Conn. App. 178
(1988) controls. In that case the fact pattern is much the same;Patterson states that for relating back ". . . a cause of action must arise from a single group of facts." This court finds that the allegations which the plaintiff seeks to add present a new and different factual situtation. Thus, a new and different cause of action is stated. As previously articulated, this court finds that Section 52-576 is the controlling statute of limitations at six years. Accordingly, the first Request to Amend is denied and all objections thereto are sustained. CT Page 4497
HANDY, J.