[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brought this action in damages for injuries allegedly sustained on March 12, 1993 as the result of a fall while using a hot tub on defendants' premises. The defendants owned and operated the Branford Motel at the time of this incident and the plaintiff was lawfully upon the premises as a business invitee. In an amended complaint filed on October 20, CT Page 11933 1995, the plaintiff alleged that as a result of his fall, he sustained burn injuries to both hands and forearms as well as to his back.
Those burns are alleged to have resulted from the plaintiff's contact with the overheated water in the hot tub. The complaint, dated November 17, 1994, was made returnable on December 13, 1994. The complaint alleged that the plaintiff's fall was "due to the severely slippery condition on the area around the hot tub in said motel."
The defendants filed a motion for summary judgment on the ground that the amended complaint alleged a new cause of action filed more that two years after the plaintiff sustained injury and the action is therefore barred by the statute of limitations, Connecticut General Statutes, § 52-584.
The motion for summary judgment should be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Hammerv. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578 (1990). "Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806
(1996).
The defendants contend that the amended complaint does not relate back to the claims of the original complaint in that the plaintiff now asserts a different factual situation in describing the defective condition which allegedly caused his fall, thus violating their right of procedural due process of law by failing to give them timely fair notice of the alleged defective condition. If the amendment does not relate back, then it must be held to assert a new cause of action and would fall beyond the period governed by General Statutes, § 52-584.
"A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." Barrett v. DanburyHospital, 232 Conn. 242, 263-64 (1995). "A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action." Id.
CT Page 11934
"A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action." Barrett v.Danbury Hospital, supra, at 264. "It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated." Id.
Clearly, the "relation back doctrine provides that an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims." Barrett v.Danbury Hospital, at 264.
While numerous cases serve to illustrate the fairness doctrine, i.e., Sharp v. Mitchell, 209 Conn. 59 (1988); Gallo v.G. Fox Co., 148 Conn. 327 (1961); and Patterson v. Szabo FoodService of New York. Inc., 14 Conn. App. 178 (1988), there can be little doubt that where, as here, the amended allegation of negligent conduct shifts from an alleged "slippery . . . dangerous condition" maintained by the defendants, thereby causing a fall down, to the maintenance of "overheated water" in a hot tub, an entirely new and different cause of action has been asserted.
The new cause of action abandons the claim of a fall, and asserts a cause of action founded upon a failure to warn of "overheated water" and a "failure to properly monitor the functioning of [the] hot tub unit." This new cause of action, if allowed, would deprive parties of due process rights guaranteed by our constitutions. Accordingly, the motion for summary judgment is granted.
BY THE COURT
LEANDER C. GRAY, JUDGE